[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#125)
The plaintiff, Scott J. Ragalye, commenced this action against the defendants, Enterprise Rent-A-Car, Celinda Cumba and Barlow Cumba, to recover damages for injuries allegedly sustained as the result of an automobile accident. The plaintiff alleges that the defendant Enterprise Rent-A-Car (Enterprise) is liable under Connecticut General Statutes Section 14-154a for damages caused by the operation of an automobile which it rented to the defendant Barlow Cumba. Enterprise claims that the plaintiff's damages were caused by an unauthorized driver of the rented vehicle, the defendant Celinda Cumba, and therefore it is not liable under the statute. Enterprise moves for summary judgment on the first count of the complaint on these grounds.
The plaintiff filed a three count complaint against the defendants. The first count alleges that Enterprise was the owner of a vehicle which it rented to the defendant Barlow Cumba. The defendant Celinda Cumba was operating this vehicle with the permission and consent of Barlow Cumba when it collided with a vehicle operated by the plaintiff. The plaintiff alleges that Celinda Cumba was negligent in the operation of the rented vehicle, and that her negligence was the cause of the plaintiff's injuries. The plaintiff also alleges that, pursuant to General Statutes Sec. 14-154a, Enterprise is liable for the damages caused by the operation of the motor vehicle it rented to Barlow Cumba.
The second count of the complaint alleges negligence on the part of Barlow Cumba in allowing an individual without a license to operate a motor vehicle. The third count alleges that Celinda Cumba operated the motor vehicle recklessly, and seeks double or treble damages under General Statutes Sec. 14-295. These counts are not relevant to this motion since Enterprise moves for CT Page 2354 summary judgment on the first count only.
Enterprise moves for summary judgment on the basis of the Connecticut Supreme Court's decision in Pedevillano v. Bryon,231 Conn. 265, ___ A.2d ___(1994). In support of its motion, Enterprise also filed a memorandum of law, affidavit, and a copy of the rental agreement. The plaintiff timely filed a memorandum in opposition.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Water Way Properties v. Colt's Mfg. Co.,
supra, 230 Conn. 664. "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Water Way Propertiesv. Colt's Mfg. Co., supra, 664. "The test is whether a party would be entitled to a directed verdict on the same facts."Haesche v. Kissner, 229 Conn. 213, 217, ___ A.2d ___ (1994).
General Statutes Section 14-154a provides, in toto, that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent the operator would have been liable if he had also been the owner." The Connecticut Supreme Court has "consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Citations omitted; internal quotation marks omitted.) Pedevillano v.Bryon, supra, 231 Conn. 268.
In Pedevillano, the court addressed the issue of "whether General Statutes Sec. 14-154a imposes liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle CT Page 2355 by a person who is not an `authorized driver' within the terms of the lease agreement." Id., 266. Affirming the trial court's granting of a motion for summary judgment in favor of the lessor, the court concluded that the statute did not impose such liability on a lessor. Id. The court stated that the statute did not "preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume the risk." Id., 270. In cases where the court has found liability on part of the lessor, "the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id. The court, thus, concluded that since the driver was not authorized by the lessor to operate the motor vehicle, summary judgment in favor of the lessor was appropriate. Id., 272.
In opposition to Enterprise's motion, the plaintiff relies on the court's statement in Pedevillano that "it bears emphasis, however, that the lessors right to limit the identity of authorized drivers does not, in light of the purpose of Section14-154 (a), relieve the lessor of liability to third parties for misconduct by such authorized drivers, even when such conduct expressly violates contractual restrictions on the use of the vehicle." Id., 271, citing Gionfriddo v. Avis Rent-A-Car System,Inc., 192 Conn. 280, 472 A.2d 306 (1984). The plaintiff argues that Enterprise is not relieved of liability because of the misconduct of the authorized driver, Barlow Cumba, in allowing Celinda Cumba to operate the motor vehicle when she was not a licensed driver and in violation of the rental agreement. Thus, the plaintiff contends the misconduct of Barlow Cumba, an authorized driver, is the basis for the statutory liability of Enterprise.
The plaintiff, however, misconstrues the court's statement and the type of misconduct mentioned in Pedevillano. In support of its statement, the court in Pedevillano cited to its decision in Gionfriddo v. Avis Rent-A-Car, where the court previously upheld an award of treble damages against a lessor where the lessee had operated the rented vehicle recklessly in violation of Sec. 14-295. Id. The lessee in Gionfriddo, who was the authorized driver of the rented vehicle, had operated the vehicle in a "heinous, wilful and reckless manner." Id., 282. Thus, the misconduct which the Gionfriddo court addressed was that of the driver-lessee in operating the rented motor vehicle. The plaintiff's argument necessarily implies, however, that the CT Page 2356 misconduct imposing liability on a lessor is not limited solely to the authorized driver's operation of the rented motor vehicle, but extends to the authorized driver's entrustment of the vehicle to an unauthorized driver.
The plaintiff's interpretation of Pedevillano, however, is not supported by that decision. The language relied upon by the plaintiff is merely dicta, and does not contradict the court's holding. Additionally, the plaintiff's interpretation would create an exception that would swallow the rule set forth inPedevillano, and would in fact hold lessors liable for the tortious conduct of unauthorized drivers. Under the plaintiff's interpretation of Pedevillano, any time a lessee allowed an unauthorized driver to operate the rented motor vehicle, or violated a term of the rental agreement, the lessee would be engaging in misconduct subjecting the lessor to liability for the unauthorized driver's tortious conduct. Section 14-154a, however, "does not preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume the risk." Pedevillano v. Bryon, supra, 231 Conn. 270. By adopting the plaintiff's position, the lessor's right to impose such reasonable restrictions and to limit its liability would be negated. The court in Pedevillano did not intend such a result, as it would impose on lessors liability for the conduct of unauthorized drivers, in direct contradiction with the holding of the case.
In this case Enterprise has submitted an affidavit of the agent who entered into the rental agreement with Barlow Cumba. The affidavit states that under the agreement, Barlow Cumba was the only authorized driver of the automobile, and that no other persons, including Celinda Cumba, were ever authorized to operate the rented motor vehicle. Additionally, the parties did not enter into any other agreements. Enterprise also attached to the affidavit a copy of the rental agreement, which shows that Barlow Cumba was the renter and that permission was not requested for any other persons to drive the rented vehicle. The plaintiff did not present any documentation to contradict this affidavit. Accordingly, the court is entitled to rely on the facts stated in the affidavit submitted by Enterprise. Kakadelis v. DeFabritis,191 Conn. 276, 280-81, 464 A.2d 57 (1983). Thus, there is no genuine issue of fact that Celinda Cumba was an unauthorized driver of the vehicle, and, therefore, liability under Sec. 14-154a
may not be imposed on Enterprise for her tortious operation CT Page 2357 of the rented vehicle.
For these reasons, the defendant Enterprise's motion for summary judgment as to the first count of the complaint is granted.
PICKETT, J.