[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
I. Factual and Procedural Background
By way of a two count amended complaint, dated July 28, 1994, plaintiff claims entitlement to uninsured motorist benefits resulting from his involvement in an automobile accident. On October 10, 1992, while the plaintiff was operating a vehicle owned by one of two defendants, CAMRAC, INC., he claims he was struck from behind by a vehicle owned by the second CT Page 1316-A named defendant, Linda Boulay. Plaintiff alleges that the vehicle he was operating was leased to Tyranne Owens of Hartford, Connecticut, on October 8, 1992. Pursuant to the provisions of the rental agreement, Tyranne Owens was the only individual authorized to operate the first named defendant's vehicle. There is no evidence that at the time of the accident the plaintiff was an authorized driver nor has the plaintiff alleged in his amended complaint that he had the permission of Owens to be operating the rental vehicle.
Camrac, Inc. filed a Motion for Summary Judgment, dated December 30, 1994, seeking to have judgment entered in its favor with respect to Count One of the plaintiff's amended complaint. This count alleges that Camrac, Inc. must provide the plaintiff with uninsured motorist benefits pursuant to Section14-154(a) of the General Statutes. Camrac, Inc. contends that no such benefits are owed. The court heard oral argument on the motion on January 23, 1995. The plaintiff did not appear for argument and did not submit a legal memorandum in opposition to the motion.
II. Discussion
CT Page 1316-B
A Motion for Summary Judgment is appropriate when there is no genuine issue as to any material fact. Section 378 et seq of the Connecticut Practice Book, as amended. When there is no genuine issue as to any material fact, the movant is entitled to judgment as a matter of law. Daily v. New BritainMachine, Co., 200 Conn. 562, 568 (1986) and Burns v. HartfordHospital, 192 Conn. 451, 455 (1984).
Section 38a-336 of the Connecticut General Statutes provides that automobile liability insurance policies shall provide uninsured motorist coverage "for the protection of persons insured thereunder, who are legally entitled to recover damages from owners or operators of uninsured motor vehicles." Defendant Camrac, Inc., which is self-insured pursuant to Section 14-129 and Section 38a-385 of the General Statutes, is required to meet the uninsured motorist obligations pursuant to Section 38a-371 of the General Statutes. Plaintiff argues that he is entitled to uninsured motorist benefits because of damages he sustained while driving the defendant Camrac's automobile, despite the fact that he was not an authorized driver CT Page 1316-C of that automobile.
According to Section 38a-334-5(d) of the Regulations of State Agencies, which are authorized by General Statutes Section 38a-334, if the driver of the automobile is not the named insured, he or she must have the permission of the named insured to be operating the vehicle in order to be eligible for insurance coverage. Our Supreme Court has recognized this need for permission or authorization as well. In Pedevillano v.Bryon, 231 Conn. 265, 648 A.2d 873 (1994) the court unanimously held that the liability imposed by Section 14-154a is strictly limited to those persons expressly authorized in the written lease agreement by the leasing company to operate the motor vehicle. The court stated, ". . . we have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Id. at 268.
Defendant Camrac, Inc. argues that if a leasing company CT Page 1316-D is not liable to an innocent third party because the operator of the vehicle was not authorized, it follows that the same company should not be liable to that unauthorized operator for uninsured motorist benefits and thus, Camrac, Inc. is not liable to the plaintiff for damages. This is a logical and well-founded argument.
Accordingly, since plaintiff was an unauthorized driver of defendant Camrac Inc.'s automobile and this is a legally sufficient defense involving no triable issue of fact, a motion for summary judgment is appropriate. See Perille v.Raybestos-Manhattan-Europe, Inc., 196 Conn. 529 (1985). For the foregoing reasons, the defendant's Motion for Summary Judgment as to Count One of plaintiff's Amended Complaint is hereby granted.