[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On March 28, 1995, the plaintiff, Sirena McNeal (McNeal), filed a two count complaint against the defendants, Thomas Deloughery (Deloughery) and ELRAC, Inc. (ELRAC). The first count of the complaint is directed against Deloughery and alleges that as a result of Deloughery's negligent operation of a motor vehicle, the plaintiff sustained personal injuries and has incurred medical expenses in relation thereto. The second count is directed against ELRAC and alleges that ELRAC, as owner of the vehicle in which McNeal was a passenger, is liable to McNeal for uninsured motorist benefits pursuant to Connecticut General Statutes §§ 38a-370 and 38a-371.[1]
According to the complaint, on March 23, 1993, McNeal was a passenger in an automobile owned by ELRAC, and operated by Ramona Davis (Davis). On that date, Deloughery backed his truck out of a parking lot on Ferry Street in New Haven, and struck the vehicle in which McNeal was a passenger, thereby causing her injury. Deloughery was uninsured.
On June 7, 1995, ELRAC moved for summary judgment on count two on the ground that there is no genuine issue of material fact that Davis did not have permission to operate the defendant's vehicle and therefore ELRAC is entitled to judgment as a matter of law under § 38a-334-5(d) of the Regulations of State Agencies[2] and the holding of Pedevillano v. Bryon,231 Conn. 265, 648 A.2d 873 (1994). CT Page 12338
In support of its motion, ELRAC submitted the affidavit of Marybeth Egerter, the Loss Control Manager of Enterprise Rent-a-Car Company (Enterprise). According to the affidavit, ELRAC, on behalf of Enterprise, entered into a written rental agreement with Teresa Grant (Grant) for the lease of the subject vehicle for the period covering the date of the collision. A copy of the rental agreement and a notice of its filing by ELRAC, dated July 11, 1995, is in the court file.
Summary judgment shall be rendered "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991).
ELRAC moves for summary judgment, in part, on the basis of the court's decision in Pedevillano v. Bryon, supra, 231 Conn. 265. In Pedevillano, the plaintiff was injured by a motor vehicle which was rented by the lessor to someone other than the driver. Id., 267. The plaintiff sued the driver and the rental car company. Id., 266-67. The court addressed the issue of whether General Statutes § 14-154a[3] imposes liability on the lessor of a motor vehicle for the tortious operation of the vehicle by a person who is not an "authorized driver" within the terms of the lease agreement. Id., 266. The court stated that the statute does not impose liability on the lessor for any injury caused by any motor vehicle it owns. Id., 269. The court held that § 14-154a imposes "on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of thecontract of rental." (Emphasis in original.) Id., 268. Thus, the court affirmed the decision of the trial court granting summary judgment for the defendant rental car company. Id., 274. See alsoVaughn v. Camrac, Inc., 13 Conn. L. Rptr. 522 (February 10, 1995) (Handy, J.) (holding that a lessor is not liable to an unauthorized operator of a leased vehicle for uninsured motorist benefits).
ELRAC asserts that, under the terms of the rental contract, Davis was not authorized by ELRAC to operate the vehicle. Thus, ELRAC argues, since there is no genuine issue of material fact that Davis was not in lawful possession of the vehicle under the CT Page 12339 terms of the rental contract, it is entitled to judgment as a matter of law under the holding of Pedevillano.
McNeal filed a memorandum in opposition to the motion for summary judgment on July 7, 1995. The plaintiff distinguishesPedevillano on the basis that the relevant statute in that case, § 14-154a, assigns liability to the lessor for the tortious behavior of the operator of the leased vehicle. She asserts that her claim against ELRAC is not based on the conduct of the operator of the vehicle. Rather, McNeal asserts that her claim is based on her status as a passenger in the vehicle. McNeal appears to argue that her status as a passenger entitles her to uninsured motorist benefits from ELRAC, regardless of the status of the operator as an "unauthorized driver."
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.)Suarez v. Dickmont Plastics Corp. , 229 Conn. 99, 105, 639 A.2d 507
(1994). In support of its motion for summary judgment, ELRAC submitted the rental contract and the affidavit of the Loss Control Manager of Enterprise. Paragraph 13 of the contract states: "A violation of the contract shall exist if the car is used or driven: (e) By any person other than Renter without written consent of Owner." The affidavit of the Loss Control Manager avers that neither ELRAC nor Enterprise ever authorized Davis to operate the motor vehicle at any time between March 10, 1993 and March 24, 1993.
The party opposing summary judgment "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Suarez v. Dickmont Plastics Corp. , supra, 229 Conn. 105. The plaintiff has filed no documents in support of her memorandum in opposition and she does not contest that Davis was an unauthorized driver under the terms of the rental contract with Grant. The plaintiff has not substantiated her adverse claim by showing that there is a genuine issue of material fact together with evidence disclosing the existence of such an issue. See Whitney Avenue Corp. v. Heritage CanalDevelopment Associates, Inc., 33 Conn. App. 563, 567, 636 A.2d 1377
(1994). On the basis of the documents in support of the motion, ELRAC has met its burden of showing that there is no genuine issue of material fact that Davis was not in lawful possession of the vehicle under the terms of the rental contract. CT Page 12340
Once it is determined that there is no genuine issue of material fact, the next question is whether the moving party is entitled to judgment as a matter of law. Bartha v. WaterburyHouse Wrecking Co., 190 Conn. 8, 11, 459 A.2d 115 (1983). In ruling on a summary judgment motion, the court is "obligated to accept as true all well pleaded facts and the . . . evidence offered in opposition to the . . . motion, and to determine whether the . . . claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery." Suarez v. Dickmont Plastics Corp. , supra,229 Conn. 110.
Pedevillano can be distinguished from the present action on the ground that the plaintiff herein does not base her claim on the negligence of the unauthorized driver. In fact, the plaintiff has not filed a claim against Davis at all. As noted earlier, the court in Pedevillano stated that the liability imposed on the lessor is "the same liability as that of its operator." Nonetheless, Pedevillano does not require the unauthorized driver to be a party to the action for the rule to apply. Pedevillano
establishes that a lessor's liability for uninsured motorist benefits arises out of the authorized use of its rental vehicle under the terms of the rental contract. Since Davis was not in lawful possession of the vehicle pursuant to the terms of the rental contract, ELRAC is entitled to summary judgment under the holding of Pedevillano.
The motion for summary judgment is granted.