JOSEPH PEDEVILLANO *v.* JOSE BRYON ET AL.
(14962)

PETERS, C. J., and CALLAHAN, NORCOTT, KATZ and PALMER, Js.

Argued September 21—decision released October 18, 1994

*Leonard M. Crone,* with whom, on the brief, was *Timothy C. Moynahan,* for the appellant (plaintiff).

*David J. Elliott,* with whom was *Robin L. Smith,* for the appellee (defendant Rental Car Resources, Inc.).

PETERS, C. J. The dispositive issue in this appeal is whether General Statutes § 14-154a[1] imposes liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle by a person who is not an "authorized driver" within the terms of the lease agreement. The plaintiff, Joseph Pedevillano, brought an action claiming that he had sustained serious personal injuries as a result of the negligent and reckless con-

---

[1] General Statutes § 14-154a provides: "Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."

duct of the defendant Jose Bryon (driver), who was driving a car that had been leased from the defendant Rental Car Resources, Inc. (lessor). After a default by the driver and a hearing to determine damages, a jury returned a verdict for the plaintiff against the driver in the amount of $354,000. The trial court rendered a judgment accepting the jury's verdict, from which the driver has not appealed. The trial court also, however, granted a motion for summary judgment in favor of the lessor. The plaintiff appealed to the Appellate Court from the granting of the motion for summary judgment, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The relevant facts are undisputed. The driver caused serious personal injury to the plaintiff while operating a vehicle that the lessor had rented to Miguel Santana. Santana had procured the vehicle, either for his own use to replace a disabled vehicle or for the driver's use at the driver's request. The driver was neither a spouse nor an employer of Santana, nor were they jointly engaged in legal business activities. The lease agreement between Santana and the lessor had an express provision defining who would qualify as an "authorized driver" under the lease.[2]

The plaintiff advances four contentions in his brief in support of his argument for reversal of the trial court's granting of the lessor's motion for summary

---

[2] Section 4 of the lease agreement provides: "AUTHORIZED DRIVERS: The Renter and the following validly licensed individuals with Renter's permission ('Authorized Drivers') may operate the Vehicle: Renter's spouse, employer or co-workers if engaged in business related activities with the Renter, persons parking the Vehicle at commercial establishments or persons during an emergency situation. All other additional Authorized Drivers must appear at the time of rental and be named on the face of this Agreement. All Authorized Drivers must have a valid drivers license and be at least 21 years old. Other qualifications and charges may be in place at the time of rental."

judgment. He maintains that: (1) literally construed, § 14-154a imposes unconditional liability on a lessor for injuries caused by any user of the lessor's vehicles; (2) liberally construed in light of its remedial purposes, § 14-154a imposes liability on a lessor for injuries caused by a person who uses the vehicle with the permission of an authorized lessee; (3) regardless of the relationship between the driver and the lessor, the plaintiff has a right to recover for his injuries because § 14-154a automatically makes the plaintiff a third party beneficiary of the lease agreement; and (4) the lessor was not entitled to summary judgment because the supporting affidavits leave unresolved certain questions of fact that make summary judgment inappropriate. We are unpersuaded.

Our assessment of the plaintiff's various claims under § 14-154a must start with the text of that statute. It provides, in toto, that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." We have repeatedly stated our view of the purpose of the statute. "[It] cannot be regarded otherwise than as an expression of legislative judgment as to the extent—beyond the limitations of the general principles of respondeat superior and the 'family-car doctrine'—to which the owner of a motor vehicle which he entrusts to another should be liable for the acts of the latter. . . . We have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one *in lawful possession of it pursuant to the terms of the contract of rental.*" (Citations omitted; emphasis added; internal quotation marks omitted.)

*Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 284, 472 A.2d 306 (1984); *Fisher* v. *Hodge,* 162 Conn. 363, 369, 294 A.2d 577 (1972); *Graham* v. *Wilkins,* 145 Conn. 34, 37, 138 A.2d 705 (1958); *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* 141 Conn. 539, 542, 107 A.2d 406 (1954); *Connelly* v. *Deconinck,* 113 Conn. 237, 240, 155 A. 231 (1931); *Levy* v. *Daniels' U-Drive Auto Renting Co.,* 108 Conn. 333, 336, 143 A. 163 (1928); *Marshall* v. *Fenton,* 107 Conn. 728, 731, 142 A. 403 (1928).

In light of this long-standing interpretation of § 14-154a, we may readily dispose of the plaintiff's broad contention that the statute imposes unlimited liability on the lessor for any injury caused by any motor vehicle that it owns. If the plaintiff were correct, a lessor would be responsible for the tortious misconduct of a thief who stole a vehicle from the lessor's parking lot. Indeed, any automobile dealer, if the dealership engaged in lease as well as in sales transactions, might be liable for tortious misconduct arising out of the theft of any car on its sales lot. Nothing in the language of the statute, its statutory history, or our prior case law, suggests that the statute extends that far. Our decision in *Connelly* v. *Deconinck,* supra, 113 Conn. 240, is directly to the contrary. At oral argument in this court, the plaintiff acknowledged that this argument is untenable.

We are equally unpersuaded that, even liberally construed, § 14-154a imposes unlimited liability on any lessor that voluntarily entrusts a motor vehicle to a lessee. In effect, the plaintiff argues that, under the statute, any voluntary entrusting confers upon the lessee the unconditional authority to permit any person of the lessee's choice to drive the vehicle. As a consequence, according to the plaintiff, any voluntary entrusting imposes on the lessor the duty to pay damages for any

personal injuries caused by any person who drives the vehicle with the lessee's consent.

The plaintiff's argument is necessarily predicated on the proposition that the lessee's scope of authority and the lessor's statutory liability are determined by the statute without regard to the terms of the lease agreement pursuant to which the voluntary entrusting occurred. There is no binding authority for that proposition. The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement. *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra, 192 Conn. 284; *Fisher* v. *Hodge,* supra, 162 Conn. 367–68;[3] *Graham* v. *Wilkins,* supra, 145 Conn. 37–41; *Farm Bureau Mutual Automobile Ins. Co.* v. *Kohn Bros. Tobacco Co.,* supra, 141 Conn. 541; *Connelly* v. *Deconinck,* supra, 113 Conn. 238–39; *Levy* v. *Daniels' U-Drive Automobile Renting Co.,* supra, 108 Conn. 334.[4] It bears emphasis, however, that the lessor's right to limit the *identity* of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability to third parties for *misconduct* by such authorized drivers, even when such misconduct

[3] We recognize that, in *Fisher* v. *Hodge,* supra, 162 Conn. 367–68, in which we concluded that the tortfeasor was a driver who had authority to drive the car within the terms of the lease agreement, we went on to state that § 14-154a imposes liability on a lessor "regardless of the provisions of the rental contract restricting the use of the automobile to specified individuals." Id., 368–69. This dictum is not consistent with our decisions in preceding or subsequent cases, and it is hereby overruled.

[4] We note that the plaintiff does not contend that the definition of the class of "authorized drivers" in the lease agreement was either unconscionable in its inception or invoked by the lessor in bad faith.

violates express contractual restrictions on the use of the vehicle. See *Gionfriddo* v. *Avis Rent A Car System, Inc.,* supra, 284.

As an alternative to his argument relying on entrusting, the plaintiff contends that, by operation of law, § 14-154a confers upon him the status of a common law third party beneficiary of the lease agreement between the lessor and Santana without regard to the specific limitation on authorized drivers contained in that agreement. We disagree. As a matter of contract law, the rights of a third party beneficiary are necessarily circumscribed by the terms of the contract that the beneficiary seeks to enforce. See, e.g., *Knapp* v. *New Haven Road Construction Co.,* 150 Conn. 321, 325, 189 A.2d 386 (1963); *Colonial Discount Co.* v. *Avon Motors, Inc.,* 137 Conn. 196, 201, 75 A.2d 507 (1950). The plaintiff has cited no authority to indicate that the legislature intended, by enacting § 14-154a, to enlarge a beneficiary's rights in the manner he has suggested.

Finally, we are unpersuaded by the plaintiff's argument that, if his right to recovery depends upon a construction of the terms of the lease agreement, there is an unresolved question of fact whether the driver in this case was an "authorized driver" as that term was defined in the lease agreement. The lease agreement defined the persons who might lawfully operate the leased vehicle with Santana's permission: Santana's spouse, employer or "co-workers if engaged in business related activities with the Renter"; a parking attendant; or a person using the car "during an emergency situation." See footnote 2. The plaintiff relies on the driver's affidavit as raising a factual question about whether Santana and the driver could be considered coworkers. Because the driver, in that affidavit, describes himself and Santana as being jointly engaged in illegal drug activities, the plaintiff maintains that they were "engaged in business related

activities" and therefore were coworkers within the terms of the lease agreement. We disagree. An implicit limitation on the term "business related activities" is that such activities must be legal activities rather than illegal activities. Thus construed, as the trial court held, the "authorized driver" provision in the lease agreement entitled the lessor to summary judgment in this case.

The judgment is affirmed.

In this opinion the other justices concurred.