[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Irma Partman, Administratrix of the Estate of Karen Partman to recover for injuries sustained by Karen Partman, ultimately resulting in her death, in an accident which occurred on the Taconic Parkway in New York on March 15, 1990. The plaintiff alleges that the CT Page 11303 decedent rented an automobile from the defendant on March 13, 1990 and that at the time of the accident, the car was being driven by one Ronald Godwin, a resident of New York. The plaintiff claims the defendant is liable pursuant to C.G.S. 14-145a, and § 388 of the New York Vehicle and Traffic Law. In its answer, the defendant raised the special defense that Godwin, the operator of the automobile, was an unauthorized user, and therefore, the defendant is shielded from liability. The plaintiff has filed this motion to strike the defendant's special defense on the ground that the breach of a rental car agreement is not a defense to liability under New York law.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleading] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The plaintiff contends that the tort law of New York governs liability, and that under New York law the breach of a rental contract is not a defense. Both parties agree, however, that under Connecticut law, as was held in Pedevillano v. Bryon,231 Conn. 265, 648 A.2d 873 (1994), the terms of a rental contract may serve to shield a lessor from liability.
The plaintiff has framed this as a choice of law question. However, this issue must be decided on the face of the pleadings, which allege the liability of the defendant under both CT Page 11304 Connecticut and New York law, and therefore a determination of the governing law would be premature. In the complaint the plaintiff has alleged that the defendant is liable under General Statutes § 14-145a as well as § 388 of the New York Vehicle and Traffic Law. As the plaintiff has pleaded a cause of action under both Connecticut law and New York law, the defendant has recourse to the available special defenses in respect to the cause of action pleaded under Connecticut statute. Accordingly, the plaintiff's motion to strike the defendant's special defense is denied.
D'ANDREA, J.