[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 5261-AAAAAAAAA
The plaintiff, ELRAC, Inc. d/b/a Enterprise Rent-a-Car ("Enterprise"), has moved for summary judgment in its favor as to the counterclaim of defendant Inland Express Lines/Atlantic Express and as to its own complaint seeking a declaratory judgment.
The movant claims that as a matter of law it is not liable pursuant to Connecticut General Statutes § 14-154a for injuries and losses alleged to have been caused by the negligent operation of a vehicle by defendant Heriberto Villafane.
The movant claims that no genuine issue as to any material fact exists as to the issue raised. None of the parties claims that there are additional persons or parties who have an interest in the dispute who have not received notice pursuant to Practice Book § 220(d).
The relevant undisputed facts are as follows. In a written contract entered into on February 23, 1995, Enterprise leased a Pontiac Grand Am sedan to defendant Heriberto Villafane ("lessee"). On the same day that he signed the lease, the lessee removed the license plates from the rented vehicle and replaced them with plates from another vehicle. The lessee also tinted the windows of the rented vehicle. The same day, the lessee, while driving the rented vehicle, was in a collision with a truck driven by defendant Lawrence J. Faulkner. Mr. Faulkner has filed a civil action seeking money damages from the lessee and from Enterprise pursuant to General Statutes § 14-154a for injuries and losses alleged to have been sustained by him as a result of negligent operation of the leased motor vehicle by the lessee. The lease contract indicates that the lessee was obligated to return the car by February 27, 1995.
The vehicle was declared a total loss as a result of the collision.
STANDARD FOR SUMMARY JUDGMENT
Summary judgment may be granted only if it is clear what the facts are, there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. P.B. § 384; Barrett v. Danbury Hospital, 232 Conn. 242, 250 (1995);Water Way Properties v. Colt Mfg. Co., 230 Conn. 660 (1994); CT Page 5261-BBBBBBBBBSuarez v. Dickmont Plastics Corp., 229 Conn. 99, 105 (1994). Inland Express/Atlantic Express has stated in its objection to Enterprise's motion for summary judgment that it considers the issue of whether the lessee was in lawful possession of the rental vehicle at the time of the collision to be a factual issue. That issue is, actually, a matter of the proper characterization to be given the undisputed facts.
Enterprise takes the position that because the lessee changed the car's license plates and tinted its windows, he intended to convert the car to his own use and therefore ceased to be an authorized driver.
General Statutes § 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
The Supreme Court has construed § 14-154a as imposing liability on lessors for the torts of lessees only if the vehicle is, at the time of the event giving rise to the claim, "being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Pedevillano v. Bryon, 231 Conn. 265,268 (1994); Gionfriddo v. Avis Rent a Car System, Inc., 192 Conn. 280,284 (1984).
Enterprise states that though the lessee's operation of the vehicle was authorized initially, it ceased to be an authorized use because he engaged in conduct that indicated an intent to violate the rental agreement by converting the vehicle to his own use.
The car was totalled in the collision at issue before the four-day period of authorized use under the contract expired, so there is no way of knowing whether the; lessee would have returned the car to Enterprise pursuant to the contract. To the extent that the determination as to whether the use ceased to be "authorized use" depends on a finding of the intent of the lessee, the Supreme Court has ruled in Suarez v. DickmontPlastics Corp., 229 Conn. 99, 111-112 (1994), that issues of intent are not appropriately adjudicated upon a motion for summary judgment but are triable issues to be resolved by the trier of fact: CT Page 5261-CCCCCCCCC
 Intent is clearly a question of fact that is ordinarily inferred from one's conduct or acts under the circumstances of the particular case. Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 216-17, 477 A.2d 1988 (1984).
For this reason, summary judgment as to the liability of Enterprise to third parties is inappropriate.
Even if the characterization of the lessee's authority to operate the vehicle after changing the plates and tinting the windows were seen as a legal rather than a factual issue, however, this court finds that the analysis of the Supreme Court in cases construing § 14-154a precludes a conclusion that this statute would not apply as a matter of law.
In Pedevillano, the Supreme Court indicated that while a lessor could contractually limit its liability under § 14-154a
to damages caused by operation by persons that it authorized to operate its vehicles, it could not "in light of the purpose of § 14-154a, relieve the lessor of liability to third parties for misconduct by such authorized driver, even when such misconduct violates express contractual restrictions on the use of the vehicle." Pedevillano v. Bryon, 231 Conn. 270-71;Gionfriddo v. Avis Rent a Car System, Inc., 192 Conn. 284.
Enterprise's position amounts to a claim that while it initially authorized Villafane to operate the rental vehicle, the authorization ceased when he changed the license plates and tinted the windows, since appropriation of the vehicle to his own use would have been a violation of the contractual obligation to return the car to Enterprise at the end of the lease period. This is a claim, basically, of misconduct arising after the lessor chose to entrust the vehicle to the lessee.
The Supreme Court has stated that:
 The purpose of the statute was not primarily to give the injured person a recovery against the tortious operator of the car, but to protect the safety of traffic upon the highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rental vehicles. . . The rental of motor vehicles to any but CT Page 5261-DDDDDDDDD competent and careful operators, or to persons of unknown responsibility, would be liable to result in injury to the public upon or near the highways. . . .
Fisher v. Hodge, 162 Conn. 363, 369 (1972). Thus, while a lessor would not be liable if its vehicle were operated by a person who initially acquired possession by theft; id., a lessor is liable if the vehicle is negligently operated by a person with whom the lessor made a choice to entrust with the vehicle by contract.
Though Enterprise maintains that the lessee became a thief, the contract establishes that he did not obtain possession of the vehicle by stealing it from Enterprise but rather by a contract in which Enterprise authorized him to operate the vehicle. The issue of liability where an operator obtains possession by theft is therefore not presented.
Enterprise's reliance on Hertz Corp. v. Jackson, 617 So.2d 1051
(Fla. 1993) is misplaced. In that case, possession of the car was obtained by fraud AND the accident occurred after the expiration of the authorized use period, the lessee having rented the car for two days and the accident having taken place several months later, after the car was reported stolen. Contractually, the operator was not authorized to drive the vehicle after the designated rental period. In the case before this court, the collision occurred during the time period that Enterprise contractually authorized Villafane to operate the vehicle.
CONCLUSION
For the foregoing reasons, the motions for summary judgment filed by Enterprise are denied.
Beverly J. Hodgson Judge of the Superior Court