[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
On May 15, 1996, the plaintiffs, Jamie Del Re and Glenn Augustine, filed a four count complaint alleging negligence CT Page 4740 against the defendant, Larry D. Parker, and liability pursuant to General Statutes § 14-154a[1] against the defendant, Middletown Toyota Rental Corp. (Middletown Toyota). The plaintiffs allege in their complaint on that March 11, 1995, while Augustine was driving a vehicle owned by Del Re on eastbound I-95, an unidentified vehicle swerved into his lane, causing him to lose control of the Del Re vehicle, and strike the median divider. The plaintiffs further allege that while the Del Re vehicle was disabled across the third lane of I-95, it was struck by a vehicle operated by Parker and owned by Middletown Toyota, causing the plaintiffs injuries.
On September 6, 1996, Middletown Toyota moved for summary judgement on the ground that it is not liable under § 14-154a
because Parker was an unauthorized driver. Middletown Toyota also filed a memorandum of law and documentary evidence in support of its motion for summary judgment. The plaintiffs filed a memorandum in opposition on September 18, 1996. On April 7, 1997, the court heard oral argument on the defendant's motion at short calendar.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 805-06.
Middletown Toyota contends that Parker was not an authorized driver under the rental contract, and therefore, Middletown Toyota is not liable under § 14-154a. The plaintiffs respond that the evidence submitted in support of Middletown Toyota's motion is insufficient in that no affidavits have been submitted CT Page 4741 supporting the authenticity of the rental agreement, and that a question of material fact exists as to whether the restrictions of the agreement are reasonable.
Section 14-154a "does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In cases in which [the Supreme court has] found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Pedevillano v. Bryon, 231 Conn. 265, 270, 648 A.2d 873
r(1994). Accordingly, the Supreme Court in Pedevillano held that a lessor is not liable under § 14-154a when the rental contract is restricted to authorized drivers and the injuries are caused by an unauthorized driver. Id., 268-71
Middletown Toyota has submitted a copy of the rental agreement which is signed "Karen L. Brevard." The rental agreement has an area for an additional driver, however, a line is drawn through this space. Regarding unauthorized drivers, the agreement provides: "UNAUTHORIZED DRIVERS — This vehicle cannot be driven by any person other than Renter unless approved in writing by Lessor and recorded under `additional driver' above." Middletown Toyota has also submitted a copy of the police report of the accident which lists the operator of the vehicle owned by Middletown Toyota as "Parker Larry D." A portion of a deposition transcript has also been submitted in which Parker admits driving the vehicle owned by Middletown Toyota on March 11, 1995; however, the portion of the transcript does not contain testimony that Parker was driving at the time of the accident. Nevertheless, the plaintiffs allege in their complaint that Parker was operating the Middletown Toyota vehicle at the time of the accident, which is admitted by Parker in his answer filed March 26, 1997. Therefore, the fact that Parker was operating the vehicle at the time of the accident is not in dispute.
The plaintiffs argue that there is an issue of material fact as to the authenticity of the rental agreement submitted in support of Middletown Toyota's motion for summary judgment because no affidavits have been submitted attesting to its authenticity. The plaintiffs have not submitted any evidence contesting the authenticity of the copy of the rental agreement, they have merely challenged it through their memorandum of law. But, the plaintiffs have alleged in their complaint that the CT Page 4742 vehicle was leased to Karen Brevard by Middletown Toyota, and Middletown Toyota has submitted a copy of the rental agreement bearing Karen Brevard's signature. The plaintiffs question the authenticity of the documentation, however, "[i]t is not enough . . . for the opposing party merely to assert the existence of . . . a disputed issue. . . . Rather, the party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 808. The plaintiffs have not submitted any evidence disputing the authenticity of the rental agreement.
The plaintiffs also maintain that there is a genuine issue of fact as to whether the restrictions contained within the rental agreement were reasonable. However, the Supreme Court inPedevillano v. Bryon, supra, 231 Conn. 265, determined that restrictions as to authorized drivers are reasonable. Thus, the evidence presented demonstrates that Parker was driving the vehicle owned by Middletown Toyota, and that he was not an authorized driver under the rental agreement. Accordingly, Middletown Toyota's motion for summary judgment will be granted as to counts two and four of the plaintiffs' amended complaint.
For the foregoing reasons, the defendant Middletown Toyota's Motion For Summary Judgment (#110) is granted.
So ordered.
MICHAEL HARTMERE JUDGE OF THE SUPERIOR COURT