[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs, June Palmer, Christopher Messick and April Warchick, have filed a complaint against the defendants, Cesar Alvarez, Nancy Buntzman, Enterprise Rent-A-Car (Enterprise) and American International Pacific Insurance Co. The plaintiffs CT Page 4395 allege in their complaint that a vehicle operated by Palmer, in which Messick and Warchick were passengers, was stopped at red light when it was struck from behind by a vehicle owned by Enterprise, and operated by Alvarez causing them injuries. The plaintiffs further allege that the vehicle owned by Enterprise was rented to Buntzman, who allowed the vehicle to be operated by Alvarez. In count five of the complaint, the plaintiffs allege that Enterprise is liable to the plaintiffs pursuant to General Statutes § 52-183.[1]
Enterprise filed a motion for summary judgment as to this count on the grounds that Alvarez was not an agent, or servant of Enterprise, or an authorized driver under the rental contract, and therefore, Enterprise cannot be liable to the plaintiff under either § 52-183 or General Statutes § 14-154a.[2]
Enterprise also filed a memorandum of law, a copy of the rental contract, and an affidavit in support of its motion. The plaintiffs did not file any memorandum or evidence in opposition.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Citations omitted; internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800,805, 679 A.2d 945 (1996). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Haesche v.Kissner, 229 Conn. 213, 217, 640 A.2d 89 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 805-06.
Enterprise has provided a copy of the rental contract which provides that additional drivers are not permitted without Enterprise's approval, and notes that there are no other drivers other that Nancy Buntzman. Marybeth Phillips, a loss control manager of Enterprise also attests that authorization to operate the vehicle was only extended to Nancy Buntzman, and that Alvarez was not an employee, agent or servant of Enterprise. As the CT Page 4396 evidence presented shows that Buntzman was the only authorized of the vehicle, Enterprise may not be held liable for the actions of Alvarez, an unauthorized driver. See Pedevillano v. Bryon,231 Conn. 265, 648 A.2d 873 (1994). Furthermore, Enterprise has offered evidence that Alvarez was not an employee, agent, or servant of Enterprise, and the plaintiffs have not submitted any evidence in rebuttal. Therefore, Enterprise may not be held liable under § 52-183. Accordingly, Enterprise's motion for summary judgment is granted.
D'ANDREA, J.