[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Defendant Dan Perkins Subaru, Inc. moves for summary judgment on the ground that it cannot be held liable under General Statutes § 14-154a, which imposes liability on the owner of a leased motor vehicle for damage to person or property caused by the operation of the leased vehicle. Dan Perkins Subaru claims the driver of the car in which plaintiff Marilyn Camacho was injured was not an authorized driver at the time of the accident. The plaintiff, on the other hand, asserts that there is a question of fact as to whether the driver was authorized to drive due to the illness of the authorized driver. For the reasons stated below, the motion for summary judgment is granted.
Defendant Dan Perkins Subaru leased a car to Reggie Virella, whose own car was being repaired by Dan Perkins Subaru. Mr. Virella executed a lease agreement that provides "I further agree not to allow anyone else to drive the said motor vehicle. . . ." The agreement contains the following question: "Will any other party be driving this vehicle?" The written response is "yes." The name of Marilyn Camacho is written after the response. The agreement further provides that "All Drivers Must Be 21 years of age or older."
While plaintiff Marilyn Camacho was driving the leased car, she felt ill and asked Damaris Gonzalez to drive. Ms. Damaris, who was under 21 years of age, proceeded to drive the car, with Ms. Camacho as a passenger, and became involved in an accident.
Plaintiff Marilyn Camacho was injured and has brought this lawsuit against Damaris Gonzalez and Dan Perkins Subaru. Plaintiff Marilyn Camacho claims that there is an issue of material fact as to whether Damaris Gonzalez was an authorized driver. The plaintiff argues that "an unauthorized driver operating a leased vehicle due to the medical emergency of an authorized driver, is not automatically a violation of the lease CT Page 4868 agreement, and presents a question of fact to be presented to the jury." Her argument is based on the theory that an emergency exception must be read into the rental contract as a matter of law. Reading such an exception into the contract would be contrary to the clear terms of the rental contract. Section § 14-154a
has been "consistently construed . . . as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question is being operated by one in lawful possession of itpursuant to the terms of the contract of rental." Pedevillano v.Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994). Creating an emergency exception would require this court to remake the contract. Moreover, the plaintiff's deposition testimony, which was submitted by Dan Perkins Subaru in connection with the motion for summary judgment, shows that the plaintiff felt ill but does not support an emergency warranting and unauthorized, underage, and unlicensed person to operate the car. See Blackwell v.Bryant, 45 Conn. App. 26 (1997).
Defendant Dan Perkins, Inc.'s motion for summary judgment is granted.
THIM, J.