[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM
RE: MOTION FOR SUMMARY JUDGMENT #119
The plaintiff, Roberta Lewis, filed a six-count complaint against the defendants, Larry Lewis, Hertz Rental Corporation (Hertz), Kurt Wilhelm, Miracle Maintenance, Sherry Orifice and Joan Orifice, on March 17, 1997. The plaintiff has brought claims against the various parties based upon injuries she allegedly received as a result of an automobile accident on April 6, 1995.
On September 17, 1997, Hertz filed a motion for summary judgment on the grounds that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Hertz argues that the evidence shows that the driver of the automobile rented from Hertz, Larry Lewis, was not an authorized operator under the terms of the rental agreement. As a result, Hertz claims that it cannot be liable as a matter of law. The plaintiff filed an objection to Hertz's motion for summary judgment on October 3, 1997. The plaintiff argues that several of Hertz's exhibits in support of the motion for summary judgment are inadmissible. The plaintiff also argues that whether the lessee of the automobile, Lester Fenner, understood the rental agreement raises a material issue of fact which defeats the motion for summary judgment. Reply memoranda were filed by Hertz and the plaintiff.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In CT Page 3415 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Citation omitted; internal quotation marks omitted.) Bruttomesso v.Northeastern Connecticut Sexual Assault Crisis Services, Inc.,242 Conn. 1, 5-6, 698 A.2d 795 (1997).
In Blackwell v. Bryant, 45 Conn. App. 26, 30, 692 A.2d 862
(1997), the court addressed the plaintiffs' claim that the trial court improperly granted summary judgment and found the defendant not liable solely on the basis of the terms of the rental contract. The plaintiffs maintained that in Pedevillano v. Bryon,231 Conn. 265, 648 A.2d 873 (1994) and subsequent cases, courts recognized a variety of factual situations relative to contract interpretation, performance and formation that are material for purposes of determining the owner's liability under § 14-154a.[1]
The plaintiffs further argued that the trial court should have conducted a factual inquiry as to the circumstances surrounding the formation and execution of the rental contract to determine whether the defendant was an authorized driver, instead of relying soley on the terms of the contract. The court, however, disagreed. The court held that
 "[w]e have consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental."
(Emphasis in original.) Id., quoting Pedevillano v. Byron, supra,231 Conn. 268. The court noted that
 "the rental contract clearly provided that no one other than Edwin Blackwell was authorized to operate CT Page 3416 the vehicle. Furthermore, Pedevillano makes clear that the lessor is not liable under the statute even when the lessee allows another party to drive the vehicle. Thus, Bryant was not in lawful possession of the vehicle under the terms of the contract. The trial court properly concluded that the defendant was not liable under § 14-154a solely on the basis of the terms of the lease agreement." Id., 31.
Here, Hertz has submitted a copy of the rental agreement. The agreement states: "No Additional Authorized Operators' Without Hertz' Prior Written Approval." Beneath this language is a clause which states: "By Your Initials You Acknowledge And Agree To The Above Conditions." To the right of this clause are the initials "LF." Lester Fenner's signature appears at the foot of the agreement.[2]
Based on the above cases and the rental agreement, it the conclusion of this court that summary judgment should enter for Hertz, as it is immaterial what the lessee, Lester Fenner, believed the agreement meant when he signed and initialed it. Therefore, no material issue of fact is raised concerning Lester Fenner's intent in signing the rental agreement. Furthermore, because summary judgment may enter in favor of Hertz based solely on the language of the rental agreement, any deficiencies in the other supporting exhibits submitted by Hertz in favor of the motion for summary judgment are immaterial. Accordingly, Larry Lewis was not an authorized driver of the vehicle rented from Hertz, and Hertz cannot be held liable pursuant to General Statutes § 14-154a as a matter of law. Defendant's motion for summary judgment is hereby GRANTED.
MELVILLE, J.