[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Carlos Berrios (Berrios), brought this action to recover for personal injuries allegedly sustained when the car he was operating was struck by a car owned by defendant Miller Ford, Inc. (Miller) and operated by defendant Michael Alves (Alves) on February 22, 1997. Defendant Charly Delvalle (Delvalle) had rented the car from Miller pursuant to a written rental agreement.
In count one, paragraph 3, of his amended complaint, dated December 18, 1998, Berrios alleges that Alves was operating the car "with the permission of defendant, Miller Ford, Inc., and was within his authority to operate said motor vehicle."
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Miller filed this motion for summary judgment, and pursuant to Practice Book § 380, now Practice Book (1998 CT Page 8008 Rev.) § 17-45, has submitted a memorandum of law, an affidavit and a copy of its rental agreement with Delvalle in support. Berrios has filed a memorandum in opposition but has not submitted any affidavits or other documentary evidence.
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Levine v. Advest, Inc., 244 Conn. 732, ___ A.2d ___ (1998).
Miller argues that it did not authorize Alves to operate the car it rented to Delvalle. The rental agreement shows that Delvalle was the rental customer. The agreement also contained a specific section where any additional authorized drivers had to be listed. If there are no additional authorized drivers, the agreement provides that the word "none" should be printed across the section. The word "none" is printed across the appropriate section and it is signed by the customer, Delvalle. Additionally, Mark Hushak, Miller's rental manager, states in his affidavit that on February 21, 1997, Miller entered into an agreement with Delvalle authorizing only Delvalle to operate the car. Hushak also states that Alves was never authorized to operate the car.
This court finds that the Supreme Court's decision in Pedevillanov. Byron, 231 Conn. 265, 648 A.2d 873 (1994) controls this case. In Pedevillano, the court found that summary judgment in favor of the defendant car lessor was appropriate where, as in the present case, the plaintiff's injuries were allegedly caused by a driver who did not qualify as an authorized driver under the lease agreement. The court stated that its long-standing interpretation of General Statutes § 14-154a is that the statute imposes liability on one renting or leasing a motor vehicle to another to the same extent as imposed on the operator, "provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." Pedevillano v. Byron, supra, 231 Conn. 268.
In the present case, Alves was not an authorized driver pursuant to the terms of the contract of rental. There are no genuine issues of material fact and summary judgment is appropriate. Therefore, Miller's motion for summary judgment CT Page 8009 is granted.
So Ordered.
D'ANDREA, J.