[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This action arises out of an automobile accident that was allegedly caused by the defendant, Jerome Taylor. The vehicle driven by Taylor was leased from the defendant, ELRAC, Inc. ELRAC now moves for summary judgment as to the first count of the plaintiff's complaint on the ground that Taylor was not an authorized driver under the lease agreement and, therefore, the plaintiff may not seek recovery pursuant to General Statutes § 14-154a.
Section 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Our Supreme Court has "consistently construed the statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the terms of the contract ofrental." (Emphasis in original; internal quotation marks omitted.) Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873
(1994). "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which [the Supreme Court has] found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270. CT Page 3111
In the present case, the lease agreement reveals that Lenoris Starks, not Taylor, rented the vehicle in question from ELRAC. Taylor's name does not appear anywhere on the document. The agreement states that additional drivers are not permitted without approval. Moreover, the words "NO OTHER DRIVER PERMITTED" appear with clear emphasis in the space where additional drivers are required to be identified.
In light of the foregoing, ELRAC's motion is granted.
Moraghan J.