[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 103)
On July 15, 1998, the plaintiff, Tangela Mitchell, by and through Lois Mitchell, filed a complaint against the defendants, Terrell Wills (Wills), Susan and Kevin Corbin, and Elrac, Inc. d/b/a Enterprise-Rent-A-Car (Enterprise). The plaintiff alleges the following facts. On June 2, 1996, Tangela Mitchell sustained personal injuries as the result of an automobile accident wherein she was a passenger in a vehicle operated by Wills. The vehicle was owned by Enterprise and rented to Susan Corbin pursuant to a rental agreement. Kevin Corbin lent the vehicle to Wills.
In counts one, two, and three, the plaintiff alleges that the aforementioned accident was caused by the negligence and carelessness of Wills, Susan Corbin, and Kevin Corbin, respectively. In count four, the plaintiff alleges that Enterprise is liable for the aforementioned accident because it leased the automobile in question to Susan Corbin.
On September 23, 1998, Enterprise filed a motion for summary judgment as to count four of the plaintiff's complaint, accompanied by a supporting memorandum of law. The plaintiff CT Page 4612 filed a memorandum of law in opposition to the motion for summary judgment on October 8, 1998.
Summary judgment shall be rendered "forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co.,235 Conn. 185, 202, 663 A.2d 1001 (1995). "The movant has the burden of demonstrating the absence of any genuine issue of material fact." Gupta v. New Britain General Hospital, 239 Conn. 574, 582,687 A.2d 111 (1996). Enterprise moves for summary judgment on count four on the ground that there is no genuine issue as to any material fact and it is entitled to summary judgment as a matter of law. Enterprise argues that a lessor is not liable for the acts of an operator who is not authorized to operate the lessor's vehicle.
The plaintiff contends that a genuine issue of material fact exists as to whether additional drivers such as Wills are authorized under the rental agreement. The plaintiff further contends that the rental agreement creates a question of fact as to whether its limitation of additional drivers is reasonable and whether its terms are unconscionable.
General Statutes § 14-154a provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." This statute has consistently been construed "as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract of rental." (Internal quotation marks omitted.) Pedevillano v.Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994). Moreover, "[t]he statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for those whose conduct it is willing to assume risk." Id., 270. CT Page 4613
A review of the rental agreement indicates that there is a genuine issue of material fact as to additional drivers. The rental contract between Susan Corbin and Enterprise includes a specific section focusing on additional drivers. According to Enterprise, the agreement provides that no additional drivers are permitted to drive the rental vehicle without Enterprises approval.
Due to a typeover, the line on the form bearing the words "Additional Driver", could be read "None permitted Kevin Corbin's approval." The defendants contend that the agreement provides that Kevin Corbin is the only authorized additional driver. The rental agreement, however, presents a genuine issue of material fact as to who can be an authorized additional driver and, therefore, the summary judgment motion of the leasing company, Elrac, Inc. d/b/a Enterprise-Rent-A-Car is denied.[1]
SKOLNICK, J.