[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT
A reading of the complaint reveals the following facts for consideration by the court when deciding this Motion for Summary Judgment. On June 9, 1996 at approximately 4:43 p. m., the plaintiffs Ronald Estelle, Kenneth Baines and Stephen Sanford were passengers in a 1996 Dodge, driven by defendant Chakeen Culbreath, and owned by defendant Thrifty Rent-A-Car Systems, Inc. Defendant Chakeen Culbreath, lost control of the vehicle and crashed into a tree. As a result of the crash the passengers in CT Page 7545 the vehicle, the above named plaintiffs, brought this lawsuit claiming that they sustained injuries for which they seek money damages.
Defendant Thrifty Rent-A-Car System, Inc. (hereafter Thrifty) rented the 1996 Dodge to defendant Sabrina J. Harris. The rental contract dated June 7, 1996 includes a provision allowing her to authorize another person to operate the vehicle, provided she write in the name of that person in a space on the contract captioned "additional drivers". Although defendant Sabrina J: Harris did not fill in the name of an additional driver on the contract, she allowed Chakeem Culbreath to drive the vehicle.
Defendant Thrifty Rent-A-Car Systems, Inc., has filed a Motion for Summary Judgment seeking a ruling that it is not legally liable to the plaintiffs for the acts of Chakeem Culbreath because he was an unauthorized driver.
In deciding a motion for summary judgment the court must determine whether a genuine issue of material facts exists. In this regard Connecticut Practice Book Sec. 17-49 provides that, "[t]he judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . ." (Internal quotation marks omitted.) Hertz Corp. v.Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). Although the party seeking summary judgment bears the burden of showing that no material fact exists, the party opposing summary judgment must substantiate its claim by showing there is a genuine issue of material fact. Maffucci v. Royal Park Ltd.Partnership, 243 Conn. 552, 554-55, 707 A.2d 15 (1998)
In support of its position that a motion for summary judgment should be granted, Thrifty has submitted the affidavit of Mimi Sewell a casualty specialist for United Financial Adjusting Company, which administers claims for Thrifty. Attached to her affidavit is a copy of the rental contract. The rental contract specifically states that all authorized drivers must be listed thereon, and no protection is afforded under the contract to unauthorized drivers. Mrs. Sewell's affidavit further states that Chakeem Culbreath was not an authorized driver. CT Page 7546
The plaintiffs have not submitted any affidavits or other proof which challenges the asserted fact that Chakeem Culbreath was an unauthorized driver. Instead they seek to hold Thrifty liable for the acts of Chakeem Culbreath by authority of Connecticut General Statute Sec. 14-154a.[1] Section 14-154a
imposes on the owner of a rented vehicle the same liability for injuries and damages as would be applicable to operators who were also owners of said vehicles. However, this statute has been interpreted by the Connecticut Supreme Court as allowing rental car companies the right to limit their liability to only those individuals who are authorized by contract to drive the rented vehicles. See Pedevillano v. Bryon, 231 Conn. 265, 270
(1994).[2]
In their memorandum in opposition to the motion for summary judgment the plaintiffs argue that they are not relying exclusively on Connecticut General Statutes Sec. 14-154a for their claim, but that they are also relying on common law negligence. The plaintiffs assert in their Memorandum in Opposition to Defendant's Motion for Summary Judgment, that "[n]othing in the Pedevillano case nor in any of the other case law precludes a common law negligence count against the lessor in a action that also relies on C.G.S. Sec. 14-154a." The plaintiffs maintain that the defendant should be liable in a simple common law negligence theory. However, plaintiff's cite to no legal authority for this proposition, and this court finds none. See Galloway v. Thomas, [(Corradino, J) 1995 WL 584393, Conn. Super.] for a comprehensive discussion of common law negligence in this context.
The plaintiffs have not presented affidavits or other proof showing the existence of a genuine issue of material fact for resolution by the trier. The court is of the opinion that the law and facts set out in the motion for summary judgment entitle the defendant to the judgment sought.
For the foregoing reasons the motion for summary judgment of defendant Thrifty Rent A Car System, Inc. is granted.
Clarance J. Jones, Judge