[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #122
This matter involves a claim for personal injuries resulting from an automobile accident. The defendant, Francisco Morales (Morales), was operating a leased vehicle at the time of the accident, which was owned by the defendant CAMRAC (CAMRAC), and leased to the defendant, Donna Lucisano. It was this vehicle that was operated by Morales that allegedly caused the plaintiffs' injuries. Under the terms of the written lease agreement, no one other than the leasee, Donna Lucisano, was permitted to operate the rented auto. These facts are not disputed. The defendants, Enterprise Rent-A-Car (Enterprise) and CAMRAC, filed this motion claiming that they are not vicariously liable to the plaintiffs, since under the terms of the rental agreement the driver, Morales, was an unauthorized operator. The plaintiffs claim that at the time of the accident, Morales was a member of the Lucisano household, and therefore, was an authorized driver under the "family car doctrine" pursuant to General Statutes § 52-182.
Our Supreme Court's ruling in Pedevillano v. Bryon,231 Conn. 265, 648 A.2d 873 (1994), is controlling. In Pedevillano, the court held that there is no vicarious liability on the part of a leasing company under General Statutes § 14-154a if the leased vehicle was operated by an unauthorized driver, as was the case in this matter. The plaintiffs' claim that Pedevillano is distinguished because Morales was a member of the leasee's household, and therefore, CAMRAC and Enterprise are vicariously liable under General Statutes § 52-182. The plaintiffs argue that the presumption created under General Statutes § 52-182 includes members of the "owners" household. It is the plaintiffs' claim that Morales should be considered a household member, and points to deposition testimony which they argue establishes this predicate. Nevertheless, even if the court should agree with the factual basis for this position, that Morales was a member of the Lucisano household, and accepting the position that he is CT Page 16770 included under General Statutes § 52-182, the plaintiffs would not establish that Morales was the agent of CAMRAC. Morales may be the presumed agent of Lucisano, but Lucisano was not the owner of the vehicle. Rather, the owner of the vehicle involved in this accident was not Lucisano, but was CAMRAC. Therefore, the "family car doctrine" under General Statutes § 52-182 creates no presumption that Morales was operating the vehicle within the scope of a general authority from Enterprise or CAMRAC. This claim of the plaintiffs, therefore, is without merit.
The motion for Summary Judgment by Enterprise and CAMRAC as to the third, fourth, fifth, sixth, eighth, ninth and tenth counts of the revised complaint dated March 9, 1999, is granted.
PELLEGRINO