[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SUMMARY JUDGMENT
Defendant "Chase", the owner and lessor of a motor vehicle involved in a pedestrian accident, seeks summary judgment asserting that the lease agreement delineates the lessee Philip Deterlizzi, as the sole authorized driver and that the driver of the vehicle at the time of the accident, Julie Pagnozzi, was an unauthorized driver. All other parties object.
General Statutes § 14-154a provides that any person renting or leasing a motor vehicle to another is liable to the same extent as the operator of the vehicle. The Supreme Court has clarified that statute as imposing liability on the lessor provided that the vehicle operator is in lawful possession of it pursuant to the terms of the contract of rental." Pedevillano v.Bryon, 231 Conn. 265, 269, 648 A.2d 873 (1994). As such, the lessee is not precluded by the statute "from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk." Id., 270.
In Pedevillano, the Supreme Court upheld the trial court's granting of lessor's motion for summary judgment where the lease agreement clearly defined the specific cast of characters who might operate. In the present case, Chase argues that the lease signed by lessee Deterlizzi also clearly limits who may be an authorized driver. In support of this argument, Chase points specifically to paragraph 16 of the lease, which states that "you may not assign or transfer your rights or obligations under this lease or sublet the vehicle without our prior written consent."
Without interpreting that section of the lease in an extraordinarily broad manner, the court must hold that said provision does not clearly set forth who may or may not be an authorized driver. This is especially so in light of the fact that paragraph 9 of the lease appears to indicate that use of the CT Page 3024 vehicle is for "personal, family or household purposes" and does not specifically restrict lessee Deterlizzi as the sole driver. Though Chase could have included provisions in the lease that would have more clearly defined who is an authorized driver, it has not and, therefore, cannot relieve themselves of the liability imposed on them by § 14-454a. Chase's motion for summary judgment is, accordingly, denied.
NADEAU, J.