[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON RECONSIDERATION*
1. I do accept, for the purpose of analysis, that some unauthorized party took the trailer: the factual materials submitted in connection with the motion all support that conclusion, and the commissioner submitted nothing to the contrary. Indeed, his materials were designed to support the inference that Tri-Express was negligent in possessing and maintaining the trailer such that it was relatively easily "lost".
2. I do not find that consideration of § 14-154a of the General Statutes changes the result. First, the statute was not argued previously and I am not compelled to consider it at this point. Second, the statute does not by its own application place Xtra Lease in the same posture as Tri-Express: § 14-154a imposes liability "provided the vehicle, at the time in question, is being operated by one in lawful possession of itpursuant to the terms of the contract of rental." Pedevillano v. Bryan,231 Conn. 265, 268 (1994), (emphasis supplied). Third, I do not view § 14-154a as an expression of the legislature one way or the other on the issue of causation pursuant to § 22a-451 of the General Statutes. The language in Sandor v. New Hampshire Ins. Co., 241 Conn. 792,797 (1997), arises out of an entirely different context and involves "injuries" of an entirely different nature. On reconsideration, I do not alter the result.
Beach, J.