[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE #106
Before the court is the defendant's motion to strike counts three, four, five, six and seven of the plaintiff's complaint.
The plaintiff's complaint recites that on September 13, 2000, the plaintiff, Chaslynn Johnson-Pierce, while operating a motor vehicle on North Avenue at the intersection of said North Avenue with Lindley Street in Bridgeport was struck by a motor vehicle being operated by the defendant, Martin Brandt. Brandt had leased his vehicle from the defendant, Elrac, Inc. The plaintiff alleges that subsequent to the accident, Brandt approached the plaintiff, who is African-American, and began directing threatening and intimidating racial epithets at her before a crowd of onlookers. As a result of these alleged actions, the plaintiff suffered serious, painful and permanent injuries. In the complaint, the plaintiff asserts causes of action against both defendants for negligence (count one), double and treble damages (count three), intentional and negligent infliction of emotional distress (counts five and six) and intimidation based on bigotry or bias (count seven). The plaintiff further alleges that the defendant, Elrac, Inc., is vicariously liable for the conduct of defendant Brandt pursuant to General Statutes § 14-154 (a) (counts two and four).
The defendants move to strike the third, fourth and seventh counts of the plaintiff's complaint and their prayers for relief on the ground that the plaintiff fails to plead facts sufficient to state a cause of action under the applicable statutes. The defendants move to strike the fifth, sixth and seventh count of the plaintiff's complaint and their prayers for relief on the grounds that they are improperly joined since they purportedly arise out of separate occurrences. In response, the plaintiff claims that the third, fourth and seventh counts are sufficiently pleaded and that the fifth, sixth and seventh counts arise out of the same CT Page 4070-a transaction and thus are properly joined.
"Whenever a party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or (2) the legal sufficiency of any prayer for relief . . . that party may do so by filing a motion to strike the contested pleading or part thereof" Practice Book § 10-39. "The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
In count three, the plaintiff asserts a claim against Brandt for double and treble damages under General Statutes § 14-295. This statute provides that the court may award "double or treble damages if the injured party has specifically pleaded that another party has deliberately or withreckless disregard operated a motor vehicle in violation of section14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or14-240a. . . ." (Emphasis added.) General Statutes § 14-295. Here, the plaintiff alleges that as a "result of the negligence and carelessness of the defendants" and violations of two of the enumerated statutes, the plaintiff suffered injuries. The plaintiff argues that by referring to General Statutes §§ 14-218a and 14-227a, she has sufficiently pleaded her cause of action. The defendants argue that the plaintiff has not sufficiently pleaded her cause of action because she fails to allege any act of recklessness by the defendant.
The Appellate Court has not ruled on what facts a plaintiff is required to plead to establish a cause of action under § 14-295. Review of the case law, however, reveals that there is a split of authority in the Superior Court regarding the pleading requirements of § 14-295. One line of cases, which is the minority view, holds that under the statute, a plaintiff must plead the specific facts constituting recklessness[1]
at common law. McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999,Devlin, J.); Chatterton v. Infinity Insurance Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.). The majority view, holds that a plaintiff need only make an allegation that the statute or statutes therein was or were violated deliberately or with reckless disregard. Chieffo v.Yanielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.); Erdman v. Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.); Prezioso v. Greater Bridgeport TransitCT Page 4070-bAuthority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 337357 (December 24, 1997, Skolnick, J.)
(21 Conn.L.Rptr. 274).
"Despite [the] split, a plaintiff must at least plead both that the defendant acted deliberately or with reckless disregard in violating the particular statutes. . . ." (Citation omitted.) Ditillo v. Van Gerdele,
Superior Court, judicial district of Waterbury, Docket No. 149690 (August 3, 1999, Gill, J.) Therefore, as said allegation is missing the defendants' motion to strike the third count of the plaintiff's complaint is granted as it is directed at liability predicated on § 14-295.
Count four is based on General Statutes § 14-154a which states that anyone "renting to leasing to another any motor vehicle owned by him shall be liable for damage to any person or property caused by the operation of such motor vehicle. . . ." The Supreme Court has construed this statute to "impos[e] on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of it pursuant to the terms of the contract or rental." (Citations omitted; internal quotation marks omitted.) Pedevillano v.Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994).
In their motion to strike this count, the defendants attack the plaintiff's prayer for double and treble damages and they do not contest the sufficiency of the underlying claim which is duplicative of count three. Because of count three's duplicity, the motion to strike count four is granted along with the plaintiff's prayer for double or treble damages
The seventh count of the plaintiff's complaint is based on a purported violation of General Statutes § 52-571c. For causes of action arising prior to October, 2000, § 52-571c establishes a civil cause of action to recover damages against a person who commits an act that "constitutes a violation of § 53a-181b." General Statutes § 52-571c.[2]
Section 53a-181b provides that "[a] person is guilty of intimidation based on bigotry or bias if such person maliciously, and with specific intent to intimidate or harass another person because of such person's race, religion, ethnicity . . ." causes that other person some harm. To date, courts have not clearly articulated the pleading requirements of §§ 52-571c and 53a-181b. "[W]hen the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Weinberg v. ARA Vending Co.,
CT Page 4070-c223 Conn. 336, 341, 612 A.2d 1203 (1992). The plain language of §52-571c indicates that he plaintiff must allege some violation of § 53-181b in order to sufficiently plead a violation of § 52-571c. Because the plaintiff's complaint makes no allegations that the defendant violated § 53a-181b and it does not address the "malicious[ness]" or "specific intent" necessary under § 53-181b, this count is insufficiently plead and the motion to strike count seven is granted.
The defendants move to strike the fifth, sixth and seventh[3] counts of the plaintiff's complaint and their prayers for relief on the grounds that they are improperly joined since they purportedly arise out of separate occurrences. "Whenever any party wishes to contest the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, that party may do so by filing a motion to strike." (Internal quotation marks omitted.) Griffith v. Espada, Superior Court judicial district of New Britain, Docket No. 489998 (January 25, 1999, Robinson, J.). The defendant argues that counts five and six arise out of alleged racial epithets which Brandt directed at the plaintiff and thus, arise out of an occurrence which is separate and apart from the motor vehicle accident. The plaintiff, however, argues that the motor vehicle accident and subsequent racial epithets arise out of the same transaction or transactions, and thus, counts five and six are properly joined.
"Trial courts are vested with discretion in addressing issues of joinder; however, they should always consider the interests of judicial economy and practicality in applying the joinder rules. . . . [A] liberal construction of the joinder rules enables the parties to settle all their controversies in a single action . . . and furthers the general policy of our law which favors as far as possible the litigation of related controversies in one action." (Citations omitted; internal quotation marks omitted.) Carmeta v. Allstate Insurance Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 069943 (January 8, 2001, Grogins, J.). Practice Book 10-21 and General Statutes § 52-97 which contain the same provisions specifically allow for joinder "upon claims, whether in contract or tort or both, arising out of the same transaction or transactions connected with the same subject of action." Practice Book § 10-21(7); see also, General Statutes §52-97 (7). Practice Book § 10-22 provides that: "Transactions connected with the same subject of action within the meaning of subdivision (7) of section 10-21, may include any transaction's which grew out of the subject matter in regard to which the controversy has arisen; as, for instance, the failure of a bailee to use the goods bailed for the purpose agreed, also an injury to them by his or her fault or CT Page 4070-d neglect. . . . "Practice Book § 10-22.
In this case, the racial epithets that Brandt directed to the plaintiff did arise out of the motor vehicle accident. The accident and subsequent racial epithets are closely related both temporally and factually. Thus, judicial economy is well served by the joining of these related claims. Therefore, this court concludes that counts five and six are properly joined with the other counts because they are connected to and grow out of the same subject of action, i.e., the motor vehicle accident.
For the foregoing reasons, the motion to strike counts three and four, as to the prayer for relief only) and seven is granted and denied as to counts five and six.
____________________ GALLAGHER, J