[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#106)
This memorandum of decision addresses the Motion for Summary Judgment (# 106) submitted by the defendant Alamo-Rent-A-Car Company (Alamo) under date of February 16, 2000. The action arises from injuries allegedly sustained by the plaintiff, Derrick Stultz, as the result of the negligent operation of a motor vehicle by the co-defendant, Robert Lee Barnes. The plaintiffs claims against Alamo are based upon its alleged status as the owner of the vehicle operated by Barnes, and upon the principles of vicarious liability established through General Statutes § 52-183. Alamo has moved for summary judgment, asserting that there is no genuine issue of material fact as to the issue of whether Barnes was an authorized operator of the rental vehicle in question, and that it is therefor entitled to judgment on the plaintiffs claims. The plaintiff counters by contending that the documents submitted by Alamo, in support of its motion for summary judgment, fail to meet the criteria necessary for granting summary judgment. The plaintiff also argues that an issue of material fact indeed exists as to whether Barnes was an unauthorized or an authorized driver of this vehicle. Under the circumstances presented in this case, the court finds that Alamo has demonstrated an inadequate basis for granting summary judgment. CT Page 7843
Alamo has submitted three separate types of materials in support of its pending motion. Through his written objection to the motion for summary judgment (# 107), the plaintiff submits that each type of exhibit submitted by the defendant is insufficient in form as a matter of law. The first type is represented by an affidavit from John Greene, a Senior Claims Manager for Alamo, relating the results of his examination of a rental agreement concerning the vehicle in issue. The second type consists of a copy of a Connecticut Uniform Police Accident Report (police report), apparently relating information about the incident which gave rise to the plaintiffs injuries. The third type consists of multiple, largely illegible photocopies of the face sheet of a document purporting to be a rental agreement for the vehicle in issue. One photocopy of the face sheet of this document accompanies Alamo's Memorandum of Law in Support of Motion for Summary Judgment, dated February 16, 2000 (# 105);[1] three copies accompany Greene's affidavit. Each copy is blurred, indistinct, and presents impressions of handwritten as well as printed material.
In deciding whether to grant summary judgment in this matter, the court has observed the applicable rules of law. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751, 660 A.2d 810
(1995). "[A] summary disposition. . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party." (Internal quotation marks omitted.) Id., 752. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.)Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998). "[T]he genuine issue aspect of summary judgment procedure requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred." (Internal quotation marks omitted.) United OilCo. v. Urban Development Commission, 158 Conn. 364, 378-79, 260 A.2d 596
(1969).
It is axiomatic and fundamental that "the party seeking summary judgment has the burden of showing the non-existence of any material fact. . . ." Home Ins. Co. v. Aetna Life Casualty, 235 Conn. 185,202, 663 A.2d 1001 (1995). Our rules of practice specify the types of documents and exhibits that a court may consider when deciding whether to grant a motion for summary judgment. "A motion for summary judgment shall be supported by such documents as may be appropriate, includingbut not limited to affidavits, certified transcripts of testimony CT Page 7844 under oath, disclosures, written admissions and the like. . . . Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings." (Emphasis added.) Practice Book § 17-45. Other than his Objection to Motion for Summary Judgment (# 107), the plaintiff in this matter has submitted no documents in an effort to controvert the facts set forth in Alamo's supporting materials. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. InsuranceCo. of Pennsylvania, 231 Conn. 795, 796,653 A.2d 122 (1995).
The first type of supporting material submitted by the defendant, the affidavit from John Greene, while not dispositive of the pending motion, does purport to have been sworn to before a notary public, and therefore meets the overt criteria specified by both Practice Book § 17-45 and by the Appellate Court decision upon which the plaintiff relies, UnitedServices Automobile Assn. v. Marburg, 46 Conn. App. 99, 107-108,698 A.2d 914 (1997) (court should not consider an uncertified letter from a physician in determining whether summary judgment should be granted). Greene's affidavit provides his gloss on the findings to be drawn from the rental agreement at issue.[2] Nonetheless, the content of Greene's affidavit does not permit the reasonable inference that he had personal knowledge of the pertinent factual issues involved in this case, such as which persons actually entered into the rental contract, what circumstances existed when the rental agreement was executed, whether he had any understanding of or information about the handwritten notations described above, or, fundamentally, whether Robert Lee Barnes was within the class of persons who was authorized at law to use the vehicle as an agent or otherwise. See, e.g., Hughes v. Pagnozzi, Docket No. CV97 060316, judicial district of Ansonia/Milford at Milford (Mar. 21, 2000, 1Nadeau, J.). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard." Evans Products Co. v. ClintonBuilding Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978); see also Practice Book § Section 17-46 (requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding). Greene's affidavit, lacking in relevant content, does not meet that standard in full, and therefore cannot serve as a basis for granting Alamo's motion.
As to the second class of Alamo's materials proffered in support of its motion for summary judgment, the defendant has presented no adequate basis for the court's assumption that the police report, in part or in its entirety, would be admissible as evidence at trial. Our Supreme Court has admonished the trial courts that "[o]nly evidence that would be CT Page 7845 admissible at trial may be used to support or oppose a motion for summary judgment." Home Ins. Co. v. Aetna Life Casualty Co., supra,235 Conn. 202-03, citing Practice Book § 17-46. On its face, the police report appears to contain a significant amount of hearsay information, some or none of which may meet exceptions to the rule against the admission of hearsay evidence at trial. See Connecticut Code of Evidence § 801 et seq. Inasmuch as the police report was tendered in this instance without an affidavit explicating the circumstances under which the investigating officer collected the information recorded in that document, the court is without a reasonable basis for devining whether it would be admissible at trial. Accordingly, the police report cannot serve as a basis for granting Alamo's motion for summary judgment. Home Ins. Co. v. Aetna Life Casualty Co., supra,235 Conn. 202-03.
The third type of material submitted by Alamo in support of this motion is represented by photocopies of a document that purports to be the rental contract for the vehicle in issue. Conceivably, a contract for rental of a motor vehicle may indeed constitute a document appropriate for consideration when a motion for summary judgment has been filed in a matter such as this, based on allegations of agency and permissive use.[3] See Practice Book § 17-45. However, after due inspection and review, the court concludes that the particular documents submitted by the defendant Alamo, in an effort to establish the content of the rental contract in this case, are "not competent evidence" for the court's consideration. United Services Automobile Assn. v.Marburg, supra, 46 Conn. App. 107. At oral argument of this matter, the plaintiff offered a credible basis for impeachment of the rental agreement proffered by Alamo by drawing the court's attention to the numerous unexplained stray marks, circles, scrawled handwriting and other notations which are reproduced, in varying degrees of illegibility, on each of the copies of the face sheet which Alamo has filed in connection with this motion. The court ascribes considerable weight to this aspect of the plaintiffs argument, finding that these copies of the purported rental agreement present substantial issues of material fact concerning the nature and extent of the printed and written terms for the use of the vehicle. "A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Home Ins. Co. v.Aetna Life Casualty, supra, 235 Conn. 202. Here, the plaintiff has effectively relied upon the defendant's supporting materials to demonstrate that a genuine issue of material fact exists concerning the nature and extent of the contractual agreement that may serve as a basis for imposing liability upon Alamo pursuant to § 52-183, as alleged in the complaint. This showing is sufficient to defeat the defendant's motion for summary judgment. Id. CT Page 7846
In addition to claiming that its supporting materials establish "unequivocally that there exists (sic) no issues of material fact" for summary judgment purposes, the defendant here has relied upon the implications of Pedevillano v. Byron, 231 Conn. 265, 648 A.2d 873 (1994) for the plaintiffs case. Alamo's Memorandum of Law (# 105). InPedevillano, the dispositive issue was "whether General Statutes §14-154a imposes liability on the lessor of a motor vehicle for the tortious operation of that motor vehicle by a person who is not an `authorized driver' within the terms of the lease agreement." (Footnote omitted.) Id., 266. The plaintiff in Pedevillano, who suffered injuries as the result of an automobile accident, had brought suit against the lessor or renter of the vehicle whose negligent operation allegedly caused that incident. The plaintiffs claims were based upon the operation of § 14-154a, which establishes the direct liability of a motor vehicle's owner for damage caused by a rented or leased car.[4]
Both the facts of the claim scrutinized by the Supreme Court and the statutory analysis provided by Pedevillano v. Byron are therefore distinct from those presented in the instant case. Here, the plaintiff does not seek the succor of § 14-154a, but relies instead on the rebuttable statutory presumption created by § 52-183.[5] Alamo fails to provide any legal authority for its argument that Pedevillanov. Byron conclusively precludes the plaintiffs from proceeding upon the legal theory of presumed agency pursuant to § 52-183. In fact, Paragraph II.D. of the defendant's memorandum of law makes brief reference, without citing authority, to the operation of GeneralStatutes § 52-182, which it claims cannot protect the plaintiff in this matter.[6] See Alamo's Memorandum of Law (# 105). The complaint, however, is void of any allegations based upon § 52-182. The defendant's argument under the Pedevillano theory is therefore inapposite to this case, not supported by specific authority, and fails to carry sufficient weight to support the motion for summary judgment.
Even if the principles of Pedevillano v. Byron should be generally relevant to a claim based upon § 52-183, the court would be unable to assess its applicability to the facts of the instant matter. As previously noted, the third type of documentary evidence relied upon by the defendant, the copies of the rental contract, are so deficient in legibility and clarity that it would be unreasonable to presume their contents. The presence of stray marks and unexplained handwriting, in addition to the ostensibly printed material upon these copies, renders the specific content of the rental contract imprecise and unambiguous. As such, the actual terms of the rental contract remain a matter of speculation, clearly an inappropriate basis for the granting of a motion for summary judgment, as through them the defendant cannot show "the CT Page 7847 non-existence of any material fact. . . ." Home Ins. Co. v. AetnaLife Casualty, supra, 235 Conn. 202.
WHEREFORE, as the defendant Alamo has failed to meet its burden of establishing the non-existence of any material fact in this matter, its Motion for Summary Judgment (# 106) is hereby DENIED.
BY THE COURT,
N. Rubinow, J.