[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
In this case, defendant Gold Key Auto Lease, Inc. moved for summary judgment in a suit brought by plaintiff, Deborah McEvoy. After oral argument, the court ruled from the bench that there was no issue of material fact in view of the Supreme Court's decision in Padevillano v. Bryon, 231 Conn. 265, 648 A.2d 873
(1994). Subsequently, defendant Gold Key requested that the court issue a written memorandum.
The facts are not in dispute. Gold Key leased an automobile to Madeleine Moriarty.[1] Ms. Moriarty was operating the leased vehicle when she was involved in an accident with plaintiff Deborah McEvoy on February 19, 1996. At the time of the accident, defendant Moriarty's operator's license was under suspension. Said license was suspended on January 26, 1996. In addition, defendant Moriarty's automobile liability policy had been cancelled on December 15, 1995, for nonpayment of premium. There is no dispute that at the time Gold Key leased to defendant Moriarty she was both licensed and insured.
The terms of the lease agreement (attached to Motion for Summary Judgment, Exhibit D) require that the lessee allow only licensed drivers to operate the leased vehicle and to maintain insurance for liability and property damage. Moreover, the agreement provides that, in the event the insurance is cancelled, new insurance must be obtained immediately and a copy of the policy provided to the lessor. The agreement specifically states that "[y]ou agree not to operate the Vehicle during the time that it is not insured."
Pedevillano, supra, interpreted General Statutes § 14-154a. That statute provides:
 Sec. 14-154a. Liability of owner for damage caused by rented or leased car. Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner.
CT Page 13216
Pedevillano addressed the issue of the lessor's liability for the tortious operation of a vehicle by a person not an "authorized driver" within the terms of the lease agreement. In that case, the person involved in the accident was not the lessee, and was not an "authorized driver" pursuant to the lease agreement.
Defendant Gold Key attempts to distinguish the present case and claims that this is a case of first impression because it is the lessee who was involved in the accident. This court does not view this case as one of first impression. The rule ofPedevillano applies with equal force whether it is the lessee or another person not authorized under the agreement who is involved in the accident. The inquiry must focus on the question of whether the operator is "authorized" under the agreement. The terms of the agreement signed by Ms. Moriarty clearly indicate that she is not "authorized" to operate the leased vehicle without a valid driver's license and insurance coverage.Pedevillano specifically rejects ". . . the proposition that the lessee's scope of authority and the lessor's statutory liability are determined by the statute without regard to the terms of thelease agreement pursuant to which the voluntary entrusting occurred." Id. 270 (emphasis added). Moreover, "[t]he statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it iswilling to assume risk." Id. (emphasis added). In the present case Gold Key agreed to assume risk only for authorized licensed and insured drivers-whether or not said driver was the actual lessee. If the lessee were a person for whom Gold Key assumed risk, it could not then, for example, escape liability if the lessee was at fault in an accident, even if the accident was the result of unlawful conduct. Pedevillano specifically separates the issue of the right to limit the "identity" of authorized drivers from that of the issue of liability for "misconduct" even if the misconduct violates the contractual restrictions on the use of the leased vehicle. Id. 270-1 (emphasis in original).
Insofar as the plain language of the lease agreement clearly shows that Ms. Moriarty was not an authorized driver, there is no issue of material fact. As this was apparent at oral argument, the court granted summary judgment.
Dunnell, J. CT Page 13217