[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 135)
According to the revised complaint, the plaintiff, Roy Keitt, was injured in a motor vehicle accident when a vehicle operated by the defendant, Victoria Brehm, struck his vehicle from behind. Victoria Brehm, and her husband Henry Brehm leased the vehicle from its owner, defendant VW Credit, Inc. In the two-count complaint the plaintiff CT Page 10406 asserts a cause of action for negligence against Victoria Brehm, and a cause of action against VW Credit, Inc. pursuant to General Statutes § 14-154a (lessor liability statute). VW Credit, Inc. filed an answer in which it included a special defense of indemnification. It asserts therein that Victoria Brehm was operating the vehicle "without authority" and/or outside the terms of the lease agreement and that it was therefore not liable to the plaintiff.[1]
VW Credit, Inc. now moves for summary judgment on both counts of the plaintiff's revised complaint.[2] VW Credit, Inc. filed a memorandum of law in support of its motion for summary judgment together with a copy of its lease agreement with the Brehms and an affidavit from Victoria Brehm.
Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law. Witt v. St. Vincent's Medical Center,252 Conn. 363, 368, 746 A.2d 753 (2000). In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Hoskins v. Titan Valve Equities Group,Inc., 252 Conn. 789, 792, ___ A.2d ___ (2000). The test is whether a party would be entitled to a directed verdict on the same facts. Id. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Witt v.St. Vincent's Medical Center, supra, 252 Conn. 368. A "material fact" is defined as "a fact that will make a difference in the result of the case." Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). In ruling on a motion for summary judgment, the court's function is not to decide issue of material fact, but rather to determine whether any such issues exist. Nolan v. Borkowski, 206 Conn. 495,500, 538 A.2d 1031 (1988).
VW Credit, Inc. argues that there is no genuine issue of material fact that Victoria Brehm, by operating the vehicle without insurance[3] in violation of the lease agreement, was not an authorized driver at the time of the accident. Consequently, VW Credit, Inc. cannot, as a matter of law, be liable to the plaintiff under General Statutes § 14-154a. In response, the plaintiff and Henry Brehm argue that Victoria Brehm's failure to maintain insurance on the car implicates a default on the lease only, and does not transform her into an unauthorized driver.
General Statutes § 14-154a provides:
"Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to CT Page 10407 any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner."
The Supreme Court has construed this statute as imposing on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle is being operated by one in lawfulpossession of it pursuant to the terms of the contract of rental.Pedevillano v. Bryon, 231 Conn. 265, 268, 648 A.2d 873 (1994).
In Pedevillano, the plaintiff sought to hold a car rental company liable for injuries he sustained in an accident in which his vehicle collided with one of the company's leased vehicles. At the time of the accident the company's vehicle was being driven by a third party, not by the lessor. The lease agreement expressly defined who qualified as an "authorized driver" and the court determined that because the driver was not included in this definition, the rental company was not liable for the damages caused. Thus, in Pedevillano, the court held that under § 14-154a, a lessor is not liable for injuries caused by a person who is not an "authorized driver" under the terms of the rental agreement. The court offered the following explanation for this limitation on lessor liability:
 "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270.
In this case, however, the question of who was an "authorized driver" is not clearly set out in the lease agreement between the Brehms and VW Credit, Inc. The lease provides, in relevant part:
"7. REQUIRED INSURANCE. You must pay for and maintain the following minimum coverages during the Lease Term and until the vehicle is returned to VCI: A. Public liability insurance for bodily injury or death to any one person for not less than $100,000. . . . If you fail to maintain the required insurance, VCI has the right, but not the obligation, to obtain such insurance on your behalf at your expense. . . . 11. VEHICLE USE. CT Page 10408 You agree not to use the Vehicle for any unlawful purpose . . . . Nor shall you permit the Vehicle to be driven by anyone who is specifically excluded, in the insurance policy covering the Vehicle. . . . 23. DEFAULT. VCI may declare you to be in default of this lease if any of, but not limited to! the following events occur: . . . B. If you do not maintain continuous insurance coverage at all times." (VW Credit Inc.'s Memorandum, Exhibit C, ¶¶ 7, 11, 23).
The lease does not otherwise delineate who is authorized to operate the vehicle. Although the lease requires the Brehms to maintain insurance on the vehicle, it does not specify that their failure to do so would make them unauthorized to operate it. In interpreting a contract, "where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a matter of law." (Internal quotation marks omitted.) Tallmadge Bros. v. Iroquois Gas TransmissionSystems, 252 Conn. 479, 495, 746 A.2d 277 (2000). In cases such as this, however, in the absence of such definitive language, contract interpretation becomes a question of the parties' intent and is a question of fact. See Id. Summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive and intent. Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 111, 639 A.2d 507 (1994).
For the foregoing reasons, there is a genuine issue of material fact as to whether Victoria Brehm's failure to maintain insurance on the vehicle means that she was no longer authorized to drive it, pursuant to the terms of the agreement. Although the language of the contract states that the lessee may be in "default" for failure to maintain continuous insurance coverage, the contract does not delineate who is an authorized driver, or under what circumstances the lessee will not be considered as such. Consequently, an issue of fact exists as to whether Victoria Brehm was an "authorized" driver at the time of the accident.
Furthermore, Victoria Brehm's failure to maintain liability insurance does not mean that VW Credit, Inc. cannot be held liable for the plaintiff's injuries as a matter of law. As noted by several other judges of the Superior Court, the circumstances before the court in Pedevillanov. Bryon, supra, 231 Conn. 265, are distinguishable from those cases such as this, in which the lessor is arguing that the lessee is no longer an "authorized driver." See e.g., Young v. Kelly, Superior Court, judicial district of New Haven at New Haven, Docket No. 429515 (March 17, 2000,Alander, J.) (26 Conn.L.Rptr. 668) and cases cited therein. The distinction has been explained as follows:
CT Page 10409 "In Pedevillano, the plaintiff was seeking to impose liability on the lessor for the tortious conduct of a third party, who was not a party to the lease agreement or an authorized driver pursuant to its terms. In this case, the plaintiff seeks to impose liability on the lessor for the tortious conduct of the lessee which violates the terms of the lease. The Supreme Court in Pedevillano v. Bryon recognized the importance of this difference in determining a lessor's liability under § 14-154a." Young v. Kelly, supra, 26 Conn.L.Rptr. 669.
Although the Supreme Court held that General Statutes § 14-154a
 "does not . . . preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk;" the court specifically cautioned that [i]t bears emphasis . . . that the lessor's right to limit the identity of authorized drivers does not, in light of the purpose of § 14-154a, relieve the lessor of liability to third parties for misconduct by such authorized drivers, even when such misconduct violated express contractual restrictions on the use of the vehicle." (Emphasis in original.) Pedevillano v. Bryon, supra, 231 Conn. 270-71.
Accordingly, in circumstances in which the lessee violated lease provisions regarding the use of the vehicle, judges of the Superior Court have concluded that the lessor is not relieved from liability for the lessee's tortious conduct under General Statutes § 14-154a. See Youngv. Kelly, supra, 26 Conn.L.Rptr. 668 (lease provision precluding lessee from driving the vehicle without a valid driver's license does not exempt lessor from statutory liability for conduct of lessee who was driving the vehicle while his license was suspended); ELRAC, Inc. v. Villfane,
Superior Court, judicial district of New Haven at New Haven, Docket No. 385929 (August 23, 1996, Hodgson, J.) (lessee's conduct in altering the vehicle, which may have been in violation of the lease, does not absolve lessor of statutory liability); Weaver v. Thrifty Rent A Car, Superior Court, judicial district of New Haven at Meriden, Docket No. 244619 (Nay 13, 1996 Gaffney, J.) (16 Conn.L.Rptr. 566) (lease provision prohibiting operation of vehicle while intoxicated does not exempt lessor from statutory liability for conduct of lessee who was driving the vehicle while intoxicated); Sawyers v. Rental Car Resources, Inc.,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 550104 (June 6, 1995, Sheldon, J.) (14 Conn.L.Rptr. 468) (lease provision prohibiting operation of vehicle while intoxicated or CT Page 10410 under influence of drugs does not exempt lessor from statutory liability for conduct of lessee who was driving the vehicle while so impaired.) But see McEnvoy v. Moriarty, Superior Court, judicial district of New Haven at Meriden, Docket No. 261107 (November 13, 1998, Dunnell, J.) (23 Conn. L. Rptr. 368) (pursuant to lease provisions restricting operation of vehicle to licensed drivers and prohibiting its operation if uninsured, lessee not an "authorized driver" when operating vehicle while license suspended and insurance cancelled. Accordingly, lessor not liable from lessee's conduct). The overwhelming consensus of Superior Court opinions is that the lessor is not relieved of liability as a result of misconduct under the lease contract in the absence of expressed provisions to the contrary. The court, therefore, chooses to follow the majority reasoning.
As noted by the Supreme Court,
 "[t]he purpose of the statute was . . . to protect the safety of traffic upon highways by providing an incentive to him who rented motor vehicles to rent them to competent and careful operators by making him liable for damage resulting from the tortious operation of the rental vehicles." (Internal quotation marks omitted.) Fisher v. Hodge, 162 Conn. 363, 369, 294 A.2d 577
(1972).
It is, therefore, appropriate that "a lessor would not be liable if its vehicle were operated by a person who initially acquired possession by theft . . . [and that] a lessor is liable if the vehicle is negligently operated by a person with whom the lessor made a choice to entrust with the vehicle by contract." ELRAC, Inc. v. Villafane, supra, Superior Court, Docket No. 385929.
VW Credit, Inc., has not shown that it is entitled to judgment as a matter of law.
Based on the foregoing reasoning, the court hereby DENIES VW Credit, Inc.'s motion for summary judgment on both counts.[4]
MELVILLE, J.