[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Progressive Insurance Company, moves for summary judgment on count three of the complaint on the ground that it is not liable to the plaintiff, Letticia Corley, for damages under the uninsured motorists provision of her automobile insurance policy, which was issued by Progressive. This court concludes that there is a genuine issue of fact with respect to the applicability of the uninsured motorists coverage provisions of the Progressive policy and, therefore, denies the motion for summary judgment.
In the first count of the complaint, the plaintiff seeks damages from the defendant, Yvonne Bullard, an uninsured motorist, on the ground that Bullard's negligent operation of a motor vehicle caused the plaintiff to suffer injuries. In the second count, the plaintiff seeks damages from Gold Key Lease, Inc., the lessor of the car driven by Bullard, on the ground that Gold Key is vicariously liable for Bullard's negligent conduct under General Statutes § 14-154a, which imposes liability on the owner of a leased motor vehicle "to the same extent as the operator would have been liable if he had also been the owner." After Gold Key filed an answer denying liability and a special defense claiming that Bullard was an unauthorized driver of the leased vehicle, the plaintiff cited in her insurance carrier, Progressive Insurance Company. In the third count of her complaint, the plaintiff seeks damages from Progressive under the uninsured motorists provisions of her automobile insurance policy. Only the third count against Progressive is the subject to the motion for summary judgment.
In support of its motion for summary judgment, Progressive claims that CT Page 13203 the undisputed facts show Bullard was covered by insurance thereby making inapplicable the uninsured motorists coverage that Progressive provided the plaintiff. Progressive argues that Gold Key is liable under §14-154a and that a "Lessor's Contingent and Excess Automobile Liability Policy" issued by Lexington Insurance Company to Gold Key covers the leased automobile. The plaintiff opposes the motion for summary judgment on the ground that there is a split in the Superior Court on whether the plaintiff can maintain a claim against Gold Key. The plaintiff requests that this court issue an opinion that safeguards the right of the plaintiff — who is, effectively, an innocent party — so as to allow her to maintain a cause of action against Gold Key and/or, alternately, Progressive for the injuries that she has sustained." Defendant Gold Key, who has filed a brief in opposition to defendant Progressive's motion for summary judgment, challenges the motion for summary judgment on the ground that Gold Key is not liable under §14-154a because Bullard failed to maintain an automobile insurance policy as she was required to do under the terms of the lease agreement.
As all the parties point out, there are conflicting trial court decisions as to whether a lessor such as Gold Key is liable under §14-154a when a lessee fails to abide by a contractual provision that requires the lessee to maintain a personal automobile policy. CompareMcEvoy v. Moriarty, Superior Court, judicial district of Meriden, Docket No. 261107 (November 13, 1998) (23 Conn. L. Rptr. 368) with AmericanInternational Pacific Ins., Co. v. Danzer, Superior Court, judicial district of Hartford, Docket No. 588483 (July 31, 2000) (27 Conn. L. Rptr. 655). In interpreting a contract, "where there is definitive contract language, the determination of what the parties intended by their contractual commitments is a matter of law." (Internal quotation marks omitted.) Tallmadge Bros. v. Iroquois Gas Transmission Systems,252 Conn. 479, 495, 746 A.2d 277 (2000). In cases such as this, however, in the absence of such definitive language, contract interpretation becomes a question of the parties' intent and is a question of fact. See Id. There is an issue of fact as to whether the lease agreement contains limitations on lessor liability when the lessee operates the vehicle without insurance.
This court also notes that Gold Key's rights are not presently subject to adjudication by this decision on Progressive's motion for summary judgment. Unfairness to the plaintiff may result if this court finds in favor of Progressive on its motion for summary judgment and a coordinate judge later rules in favor of Gold Key with respect to the legal sufficiency of its special defense.
Under Part III of the Progressive policy, an "uninsured motor vehicle" is defined as including a motor vehicle "to which a bodily injury
CT Page 13204 liability bond or policy applies at the time of the accident but the bonding or insuring company . . . denied coverage. . . ." Based on this provision, the lease, and Gold Key's denial and special defense, this court concludes that a genuine issue of fact exists as to the applicability of the uninsured motorists coverage benefits under the Progressive automobile insurance policy.
For the reasons herein stated, Progressive's motion for summary judgment on count three is denied.
THIM, J.