[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#122)
 FACTS
On April 6, 2001, the plaintiff, Kathryn J. Pocock-Demers, filed an amended four count complaint against the defendants, Christopher L. Moore, Catherine L. Colebut, Michael A. Bembery, Snappy Funding Corporation, d/b/a Snappy Funding, Inc., and Snappy Funding Limited Partnership. In count one, the plaintiff alleges that on April 1, 1998, a vehicle driven by Moore, negligently collided with the rear end of the plaintiff's vehicle causing the plaintiff to suffer severe and permanent injuries. In count two, the plaintiff alleges that Colebut is liable to the plaintiff because she is the owner of the vehicle driven by Moore. In count three, the plaintiff alleges that on April 1, 1998, Bembery was operating his vehicle in a negligent fashion and as a result of his negligence, Bembery's vehicle collided with the rear end of Colebut's vehicle causing Colebut's vehicle to collide with the rear end of the plaintiff's vehicle. In count four, the plaintiff alleges that the defendant, Snappy Funding, Inc., and/or the defendant, Snappy Funding Limited Partnership (Snappy), is liable to the plaintiff for the injuries caused as a result of the negligent operation of his vehicle driven by Bembery because Snappy is the owner of that vehicle.
On June 6, 2001, Snappy filed a motion for summary judgment on count four on the ground there exists no genuine issue of material fact that it is entitled to judgment as a matter of law because Bembery was not an authorized user of its vehicle. On July 3, 2001, the plaintiff filed an memorandum of law in opposition to Snappy's motion. A hearing was held on the motion on July 9, 2001.
 DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to CT Page 12820 judgment as a matter of law." Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381,713 A.2d 820 (1998).
Snappy moves for summary judgment on count four on the ground that it is not liable to the plaintiff, as a matter of law, because Bembery was not an authorized driver of the vehicle it leased. Specifically, Snappy argues that it is not liable to the plaintiff, under General Statutes § 14-154a,[1] because Bembery was not in lawful possession of the vehicle at the time of the accident. In support of its argument, Snappy has submitted the affidavit of Chad Bennet and a copy of the rental agreement allegedly entered into by Snappy and Allan Thomas. The affidavit of Chad Bennet states that Allan Thomas was the only authorized driver of the vehicle. The rental agreement states that "the rented car may only be operated by the renter designated on the front of this [a]greement and the [r]enter's legal spouse provided that each is at least 21 years of age." The agreement further states that the "[f]ollowing [a]ctions by [r]enter or any other [a]uthorized [d]rivers violate this [a]greement; (a) use or allows the use of the rented car by anyone other than the renter or the renter's spouse."
The plaintiff opposes summary judgment, arguing that the rental agreement is unclear and ambiguous and, therefore, an inappropriate evidentiary basis for summary judgment. Specifically, the plaintiff argues that the document submitted to the court is a photocopy with various stray pen and pencil marks on it and therefore its execution and legal effect are unclear. The plaintiff also argues that a genuine issue of material fact exist as to who was an authorized driver under the rental agreement because, although the contract provides that only the "renter and the renter's legal spouse" are authorized drivers in one section, the contract further provides that "no one except renter or an authorized licensed driver over the age of 21 may use or operate this vehicle." The plaintiff argues the ambiguity arises because the agreement does not define an "authorized licensed driver."
When interpreting General Statutes § 14-154, our Supreme Court has consistently construed the statute as imposing on one who rents or leases CT Page 12821 a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one inlawful possession of it pursuant to the terms of the contract of rental." (Emphasis in original.) Pedevillano v. Bryon, 231 Conn. 265, 268,648 A.2d 873 (1994). "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270.
Paragraph two of the rental agreement provides "[t]he rented car may only be operated by the [r]enter designated on the front of this [a]greement and the [r]enter's legal spouse provided that each is at least 21 years of age (except if provided in box A below) and has a valid driver's license." Box A of the rental agreement is illegible. It is, therefore, unclear whether Box A provides the terms and conditions whereby a renter may add additional driver's to the rental agreement. The contract also contains stray marks, initials, and others writings which have not been explained by Snappy. It would be unreasonable for the court to presume their meaning and the terms of the contract absent clear-cut documentary evidence. A genuine issue of fact exists as to whether Bembery was operating the vehicle in violation of the terms of the rental agreement. Therefore, Snappy's motion for summary judgment is denied.
D. Michael Hurley, Judge Trial Referee