[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Danyell Rogers, filed a two count complaint on August 9, 2001, against Healey Ford-Lincoln-Mercury, Inc. and Allstate Insurance Company, seeking damages for injuries she sustained in a motor vehicle accident. Rogers brings count one pursuant to General Statutes §14-154a and alleges that Healey Ford is responsible for the injuries she sustained when a vehicle, owned by Healey Ford, and rented to a third party,[1] struck the rear of the vehicle she was operating.[2] Rogers brings count two against Allstate Insurance Company, seeking uninsured motorist benefits.[3]
On May 6, 2002, Healey Ford filed a motion for summary judgment on the ground that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law because, pursuant to § 14-154a
and the terms of the rental car agreement, it is not liable to Rogers for damages caused by an unauthorized driver. In support of its motion, Healey Ford submits a memorandum of law; signed, sworn copies of police reports relating to a narcotics arrest and the motor vehicle accident that gives rise to this action; and an uncertified copy of the rental car agreement. On May 13, 2002, Rogers filed a memorandum in opposition to the motion for summary judgment arguing that the status of the driver of the rental vehicle raises a genuine issue of material fact. Rogers also submits copies of signed, sworn police reports and an uncertified copy of the rental car agreement. On May 22, 2092, Healey Ford filed a reply memorandum.
"Practice Book § [17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles CT Page 11733 of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries, Inc. v.Greater New York Mutual Ins. Co., 259 Conn. 527, 549-50, 791 A.2d 489
(2002). "[T]he "genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred. . . . A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) Id., 556. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. UnitedTechnologies, Corp., 233 Conn. 732, 751, 660 A.2d 810 (1995).
Healey Ford argues that the rental vehicle was stolen, and, therefore, at the time of the accident, the vehicle was operated by an unauthorized driver. Healey Ford further argues that because the operator of the rental vehicle was an unauthorized driver, it cannot be held liable for Rogers' injuries pursuant to § 14-154a. In opposition, Rogers argues "that it is unclear whether the car was stolen or whether [the unidentified driver] was an unauthorized driver considering the facts and circumstances of the accident, the lease agreement, and the subsequent police investigation"; (Rogers' Memorandum of Law, p. 3.); and, therefore, the status of the driver is a disputed material fact.
General Statutes § 14-154a provides that "[a]ny person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Section §14-154a "[imposes] on one who rents or leases a motor vehicle to another the same liability as that of its operator, provided the vehicle, at the time in question, is being operated by one in lawful possession of itpursuant to the terms of the contract of rental." (Emphasis in original; internal quotation marks omitted.) Pedevillano v. Bryon, 231 Conn. 265,268, 648 A.2d 873 (1994). "The statute does not, in its terms, preclude a lessor from imposing reasonable restrictions on the identity of those to whom it is willing to entrust its property and for whose conduct it is willing to assume risk. In the cases in which we have found a basis for enforcing statutory liability, the tortfeasor invariably has been found to have been a person who had possession of the vehicle in accordance with the lease agreement." Id., 270.
A review of the rental car agreement reveals that Bumpass entered into CT Page 11734 an agreement to rent a vehicle from Healey Ford.[4] The rental agreement provides that the vehicle may be driven by "[o]nly You, and with Your permission, Your immediate family members (spouse, parent, sibling or child), Your employer, employees, and co-workers incidental to their business, and persons listed as Additional Drivers on the Rental Record may drive the Vehicle ("Authorized Drivers"). (Rental Car Agreement: Rental Agreement Terms Conditions, ¶ 2.) There are no additional drivers listed on the rental record. Under the terms of the rental agreement members of Bumpass' immediate family would be considered authorized drivers, provided they received permission from Bumpass to drive the vehicle. Healey Ford contends, however, that because the rental vehicle was stolen, Bumpass did not give the driver permission to operate the vehicle, and, therefore, the vehicle was operated by an unauthorized driver. In support of this argument, Healey Ford submits police reports that indicate that Bumpass reported the vehicle stolen on the day of the accident.
"A police report may be admitted as a business entry under General Statutes § 52-180 once the court finds that it was based on the entrant's own observation or on information of others whose business duty it was to transmit it to the entrant." Nationwide Mutual Ins. Co. v. CNAIns. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV 99 0360226 (February 20, 2001, Melville, J). The statement in the police report concerning Bumpass reporting the rental vehicle stolen is hearsay, it cannot be relied upon to support Healey Ford's motion for summary judgment. "[E]xcept for the portion of the police report containing the personal observations of the police officer, none of [the] statements would [be] admissible against the plaintiff because of the hearsay rule." Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582
(1984).
Healey Ford has failed to meet its burden of showing the absence of any genuine issue of material fact regarding the status of the driver of the rental vehicle. Healey Ford's motion for summary judgment is denied.
 Howard F. Zoarski Judge Trial Referee